# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MICHAEL FOSTER

## DEFENDANTS
CITY OF OAKLAND, AUDREE JONES-TAYLOR, and DOES 1-50 inclusive

(b) County of Residence of First Listed Plaintiff ALAMEDA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ALAMEDA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
A. CABRAL BONNER
LAW OFFICES OF BONNER AND BONNER
1913 BRIDGEWAY
SAUSALITO, CA 94965

Attorneys (If Known)

EDL   ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities—Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ADA 42 U.S.C. § 12101 et seq
Brief description of cause:
DISABILITY DISCRIMINATION, FAILURE TO ACCOMODATE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 4/10/2008   SIGNATURE OF ATTORNEY OF RECORD

BY FAX

10358324.tif - 4/10/2008 3:04:16 PM

```
CHARLES A. BONNER, ESQ. SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
LAW OFFICES OF CHARLES A. BONNER
1913 BRIDGEWAY
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738

ATTORNEYS FOR PLAINTIFF
MICHAEL FOSTER
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FOSTER,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, AUDREE JONES-TAYLOR, and DOES 1-50 inclusive<br><br>  Defendants. | Case No:<br><br>**CLAIM FOR DAMAGES**<br><br>1. DISCRIMINATION (ADA, FEHA)<br>2. BREACH OF CONTRACT<br>3. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>5. NEGLIGENCE<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFF MICHAEL FOSTER alleges as follows:

### INTRODUCTION

1. MICHAEL FOSTER brings this COMPLAINT to vindicate his constitutional, statutory and common law rights.

2. PLAINTIFF MICHAEL FOSTER (hereinafter "FOSTER") alleges that during his tenure as an employee with the CITY OF OAKLAND (hereinafter "CITY"), CITY discriminated against him because of his disability in violation of the ADA and FEHA. CITY failed to take reasonable accommodations to address FOSTER'S disability and then terminated him for alleged deficiencies that were directly related to his disabilities. Furthermore, CITY failed to reinstate FOSTER after FOSTER requested reinstatement and reasonable accommodations.

COMPLAINT
1

## JURISDICTION AND VENUE

3.  This action is brought pursuant to the laws of the State of California, California Civil Code §51, and the title I of the Americans with Disabilities Act of 1990. Jurisdiction is founded upon 28 U.S.C. § 1331.

4.  Venue is proper in this judicial district because Plaintiff's injuries, damages and harm, including the violation of Plaintiff's Civil Rights occurred in this judicial district. Further, one or more of the DEFENDANT'S reside and conduct business in this judicial district.

5.  DEFENDANTS are each and all subject to suit in that DEFENDANT CITY is a public entity who regularly employs 15 or more persons.

## PARTIES

6.  PLAINTIFF MICHAEL FOSTER is and at all times relevant herein a citizen of the United States and a resident of Oakland, California. At all times herein mentioned PLAINTIFF MICHAEL FOSTER was an employee of DEFENDANT CITY in the Office of Parks and Recreation.

7.  DEFENDANT CITY OF OAKLAND is a municipal corporation, organized under the laws of the State of California, doing business in California as a government subdivision under color of State authority and subject to the laws of this State and the United States.

8.  At all times herein relevant DEFENDANT AUDREE JONES-TAYLOR (hereinafter "JONES-TAYLOR"), was a director in the Office of Parks and Recreation, was PLAINTIFF'S supervisor, was an agent and manager of DEFENDANT CITY, and was acting withing the course and scope of her employment.

## RESPONDEAT SUPERIOR

9.  All of the described conduct, acts, and failures to act are attributed to agents and employees under the direction and control, and with the permission, consent and authorization of DEFENDANTS. Said acts, conduct and failures to act were within the scope of such agency and employment. At all times relevant herein, each participant was acting within the course and scope of his or her employment.

//

COMPLAINT

2

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On January 7, 2008, FOSTER filed a Claim for Damages with the DEFENDANT CITY pursuant to Government Code 960. On February 1, 2008, CITY denied FOSTER'S Claim.

11. FOSTER filed EEOC charge number 555200800318 against the City of Oakland. On March 4, 2008, FOSTER received his EEOC Right to Sue letter. On February 4, 2008 FOSTER received a letter from the DFEH informing him that his EEOC complaint had been forwarded to the DFEH. This letter was also FOSTER'S DFEH Right to Sue letter.

## WORKER'S COMPENSATION EXCLUSIVITY DOES NOT APPLY

12. Each and every wrongful, injurious, negligent, willful, discriminatory, harassing act and failure to act, by DEFENDANTS were not normal incidents of employment and were outside the scope of the employment bargain. Thus, Worker's Compensation exclusive remedy set forth in California Labor Code § 3600 et seq. will not preempt nor bar PLAINTIFF'S right to recover for damages set forth herein.

## STATEMENT OF FACTS

13. In or around June, 2006, FOSTER was hired by Oakland Office of Parks and Recreation (hereinafter "Parks and Rec") to run the summer camp held at the Allendale Recreation Center (hereinafter "Allendale"). Allendale is a recreational center that provides activities for young people after school, on weekends, and during the summer. FOSTER, through the center, sponsored and hosted numerous activities for young people in Oakland.

14. At the time when Parks and Rec hired FOSTER, all parties understood that the summer camp directorship was, in part, an opportunity for FOSTER to be trained to take over as director of Allendale. After the conclusion of the Allendale summer camp, FOSTER was made acting director of Allendale.

15. On or around November 15, 2007, while working at Allendale FOSTER was viciously attacked by three individuals. The incident occurred after FOSTER reminded a 16 year old female that she was not allowed to use the office computer to log onto MySpace.com. The girl became belligerent and began to yell at FOSTER, using curse words. FOSTER asked the girl to leave the center. The girl left the center promising to return to commit violent acts against FOSTER.

COMPLAINT

3

16. FOSTER immediately called the Oakland Police Department, but no officers arrived for over 20 minutes. Meanwhile, the girl returned with her mother, the mother's boyfriend and girl's younger sister. FOSTER and the mother briefly engaged in a conversation about the MySpace.com policy. During the discussion and unbeknownst to FOSTER, the mother's boyfriend crept up behind FOSTER with a pipe wrench. The mother forcefully punched FOSTER two times in the face and the boyfriend hit him in the back of the head with the pipe. FOSTER then fell forward, collapsing on the attacking mother. At that point the oldest daughter picked up a metal chair and repeatedly hit FOSTER while he was on the floor wrestling with the mother and step-dad.

17. There were no other adult male staff present. The young female staff member and other youth in the center at the time were in shock and desperately calling 911. FOSTER was heavily bleeding from multiple blows to the head  Despite his wounds and the violent onslaught FOSTER managed to regain a standing position. When he did so, the attackers fled the scene.

18. About five minutes after the attackers left the police arrived along with the paramedics and the fire department. Blood was all over the computer room and in the hallway. An ambulance took FOSTER to the Summit Medical Center emergency room. Soon after arriving, FOSTER passed out and vomited. After a CAT scan, chest x-ray and physical, Michael was told he has a concussion and a contusion on his right thigh. The five cuts on his head required a total of 22 stitches.

19. As a result of the savage and vicious attack, on November 29, 2007, FOSTER'S treating provider Dr. Blake R. Collier diagnosed FOSTER with the following injuries: concussion, Post Concussion Syndrom, cervical strain, Contusion of face scalp and neck, and contusion of lower leg.

20. In a letter dated January 4, 2007, Irene Lumague, a Return to Work Specialist for JT2 Integrated Resources informed FOSTER that he was participating in the City of Oakland's Transitional duty Program. FOSTER was informed in the letter that he had been in the program since November 29, 2007 and that his 90th day would be February 26, 2007.

21. In a letter dated January 11, 2007,Gloria Vvalerio of JT2 Integrated Resources informed FOSTER that his doctor thinks FOSTER may have physical limitations from the injuries

COMPLAINT

4

FOSTER sustained as a result of the attack. The letter goes on to inform FOSTER that his progress would be monitored until his condition stabilized. Once FOSTER'S condition stabilized, there would be an evaluation to determine the extent of his disability. Complainant is informed believes and based upon this belief alleges that this letter was part of FOSTER personnel file.

22. In a letter dated March 26, 2007, JONES-TAYLOR informed FOSTER that as of April 9, 2007, he was assigned to oversee the programs, facility, and staff at the Brookdale Recreation Center (hereinafter "Brookdale"). In addition to making the transition into the new position directing Brookdale, the March 26, 2007 letter informed FOSTER, that he was also to assist in the transition of the Allendale programs. During FOSTER'S recovery, while he was participating in the City of Oakland's Transitional Duty Program, instead of making reasonable accommodations, JONES-TAYLOR and CITY effectively doubled FOSTER'S workload.

23. In a letter dated May 7, 2007, Irene Lumague, a Return to Work Specialist for JT2 Integrated Resources once agin informed FOSTER that he was participating in the City of Oakland's Transitional duty Program. FOSTER was informed in the letter that he had been in the program since April 7, 2007 and that his 90th day would be July 5, 2007. Both the January 4, 2007 and the May 7, 2007 letters from JT2 Integrated Resources stated: Please note this program is to help you return to work while you are recovering from your injury and with the assumption that you will be able to return to your usual and customary work. The transitional duty assignments and/or duties you will be doing are temporary and is NOT a permanent accommodation of your temporary work restrictions.

24. Despite FOSTER'S participation in a second 90-day Transitional Duty Program, JONES-TAYLOR took no steps to reasonably accommodate FOSTER'S need for modified duties and assignments. Additionally, despite still recovering from the traumatic attack, FOSTER spent the spring and summer months working to uplift the appearance of the center and the surrounding park, organize programs and events, and empower the center's staff. Though still recovering and dealing with the lingering effects of his head injury, FOSTER worked 12 to 14 hour days, six to seven days a week, as needed.

25. On or around Friday, August 17, 2007, FOSTER was asked to report to a meeting

COMPLAINT
5

1 with the Director of Oakland Parks and Recreation, JONES-TAYLOR and his immediate supervisor, Jennifer Koney. At this meeting FOSTER was informed that his probation was being terminated and that he was going to be placed on administrative leave until his official release on August 24, 2007.

26. At the meeting JONES-TAYLOR told FOSTER that the reason she was releasing him was because he had not fulfilled his administrative duties in a timely manner and was not as sufficiently competent in completing administrative tasks as she would have liked. FOSTER was offered no opportunity to discuss the issue nor was he given the option to be reclassified as a Recreation Specialist, the position he held before he was promoted to Acting Director at Allendale.

27. JONES-TAYLOR'S act of firing FOSTER for the reasons given violated FOSTER'S rights under the ADA. JONES-TAYLOR took not steps to make reasonable accommodations for FOSTER'S injuries despite the fact that he was twice enrolled in the City of Oakland's Transitional Duty Program. Instead of modifying FOSTER'S work scheduled to enable him to continue to work while he recovered from his injuries, JONES-TAYLOR effectively doubled his workload and then fired him claiming he was not keeping up on his administrative duties. Had FOSTER been given the accommodations outlined in Ms. Lumague's May 7, 2007 letter, FOSTER would have had the opportunity to remedy any alleged deficiencies.

28. On or around October 11, 2007 FOSTER sent a letter to JONES-TAYLOR explaining her failure to accommodate FOSTER'S injuries and encouraging her to reinstate him. As of the filing of this Claim JONES-TAYLOR has failed to respond to FOSTER'S letter. The letter requested that JONES-TAYLOR reinstate FOSTER with the accommodations authorized by the Transitional Duty Program.

**FIRST CAUSE OF ACTION**
Disability Discrimination under ADA and FEHA
Against all Defendants

29. PLAINTIFF incorporates by reference herein the proceeding paragraphs of the complaint as though set forth here in full.

30. PLAINTIFF is disabled, as defied by the Americans with Disabilities Act (ADA). 42 U.S.C. §§ 12102, 12111(8). On or around November 15, 2007, FOSTER was attacked and beaten in the head, face and body. FOSTER suffered serious injuries as a result of the attack. The injuries

COMPLAINT
6

FOSTER sustained during the attack substantially limited PLAINTIFF's ability to work. Specific limitations experienced by FOSTER as a result of the attack include but are not limited to the following: difficulty concentrating for long periods of time, difficulty recalling specific words when speaking, and frequent headaches. Due to the nature and extent of FOSTER'S injuries Defendant CITY placed FOSTER in the Transitional Duty Program for two consecutive 90-day periods. Despite the understanding by the CITY that FOSTER required accommodations, Defendant JONES-TAYLOR doubled FOSTER'S work load instead of reducing it.

31. Despite his injuries, FOSTER was qualified for his position and would have been able to fulfil his duties with reasonable accommodations.

32. Defendant JONES-TAYLOR failed to provide FOSTER with reasonable accommodations as required under ADA and FEHA. Defendant knew or should have known that FOSTER required reasonable accommodations because foster was participating in the City of Oakland's Transitional Duty Program.

33. Instead of providing reasonable accommodations for FOSTER, Defendant JONES-TAYLOR doubled his work-load. Defendant JONES-TAYLOR then fired FOSTER, allegedly because he had not fulfilled his administrative duties. Had FOSTER been given accommodations he would have been able to remedy any alleged deficiencies.

34. As a direct and legal result of Defendants' conduct, FOSTER suffered the following injuries and damages. FOSTER was discharged from employment with Defendant CITY. Although FOSTER has diligently sought other employment, he has been unable to find another job with the same level of pay and benefits. PLAINTIFF suffered severe mental anguish and severe emotional distress as a result of the humiliation of being fired. FOSTER'S emotional distress and mental anguish is amplified by the fact that FOSTER is still suffering from the results of the attack.

Wherefore PLAINTIFF prays for relief as set forth herein.

### SECOND CAUSE OF ACTION
**Breach of Contract**
Against all Defendants

35. PLAINTIFF incorporates by reference herein the proceeding paragraphs of the complaint as though set forth here in full.

COMPLAINT
7

36. During the course of FOSTER'S employment with DEFENDANT, there existed an employment agreement that included, but was not limited to the following terms and conditions:

   a. FOSTER would be able to continue his employment with DEFENDANT as long as he carried out his duties in a proper and competent manner;

   b. FOSTER would not be denied fair treatment or be discharged for other than good cause;

   c. DEFENDANT would not discriminate against FOSTER on the basis of his disability.

37. This total employment agreement was evidenced by various oral and written representations including representations made by DEFENDANT CITY that PLAINTIFF was participating in the Transitional Duty Program.

38. As a result of the above representations, FOSTER came reasonably to expect and to rely on the promise of job security and fair treatment.

39. FOSTER has performed all the conditions of the agreement to be performed by him. He has, at all time, been ready, willing and able to perform and has offered to perform all conditions of this agreement.

40. Despite the representations made to FOSTER, DEFENDANT breached the terms of the employment agreement.

Wherefore, PLAINTIFF prays for judgment as more fully set forth below.

### THIRD CAUSE OF ACTION
### Breach of Covenant of Good Faith
Against all Defendants

41. PLAINTIFF incorporates by reference herein the proceeding paragraphs of the complaint as though set forth here in full.

42. The employment agreement contained an implied covenant of good faith and fair dealing under which DEFENDANTS promised to refrain from doing any act that would prevent or impede FOSTER from performing all the conditions of his employment.

43. DEFENDANTS breached the implied covenant of good faith and fair dealing by failing to provide FOSTER with reasonable accommodations, by doubling FOSTER'S work load when he was still recovering from the vicious attack, and by firing FOSTER for failing to meet

COMPLAINT

8

1  expectations when he had not been provided reasonable accommodations..

2  Wherefore, PLAINTIFF prays for judgment as more fully set forth below.

### FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
Against all Defendants

44. PLAINTIFF incorporates by reference herein the proceeding paragraphs of the complaint as though set forth here in full.

45. PLAINTIFF literally bled for the children of Oakland. Instead of seeking employment elsewhere, PLAINTIFF continued to work tirelessly for the children of Oakland. The conduct of DEFENDANTS, in firing FOSTER as he was recovering from a brutal and vicious beating after failing to provide him with reasonable accommodations, and as more fully set forth herein was extreme, outrageous and unprivileged beyond the scope of conduct which should be tolerated in a Democratic and Civilized Society, and was so extreme and outrageous as to exceed all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. DEFENDANT committed the aforementioned extreme and outrageous and unprivileged acts with the intent to cause and inflict emotional distress upon FOSTER. DEFENDANT's conduct was also committed with reckless disregard of the probability of causing emotional distress to FOSTER.

46. As direct and legal result of Defendants' willful, intentional, and malicious conduct as set forth herein, PLAINTIFF has suffered severe and extreme mental and emotional distress.

Wherefore, PLAINTIFF prays for judgment as more fully set forth below.

### PRAYER FOR RELIEF

1. For economic and non-economic damages, including back pay and front pay, for all Causes of Action.

2. For prejudgment interest at the prevailing legal rate;

3. For costs of the suit including reasonable attorneys' fees;

4. For reinstatement of PLAINTIFF with full back pay;

6. For such other and further relief as the Court may deem proper.

COMPLAINT
9

1  DATED: APRIL 10, 2008

2                      **LAW OFFICES OF BONNER AND BONNER**

3

4

5                    By: _/s/ A. Cabral Bonner_
                      A. CABRAL BONNER

6                        ATTORNEY FOR PLAINTIFF

7

8                      **DEMAND FOR JURY TRIAL**

9  Plaintiff hereby demands a trial by jury on all causes of action.

10 DATED: APRIL 10, 2008

11                     **LAW OFFICES OF BONNER AND BONNER**

12

13

14                   By: _/s/ A. Cabral Bonner_
                      A. CABRAL BONNER

15                       ATTORNEY FOR PLAINTIFF

16

17

18

19

20

21

22

23

24

25

26

27

28