1  John Russo, City Attorney, State Bar No. 129729
   Vicki A. Laden, Supervising Deputy City Attorney, State Bar No. 130147
2  Office of the City Attorney
   One Frank H. Ogawa Plaza, 6th Floor
3  Oakland CA  94612
4  Telephone:  (510) 238-3601
   Facsimile:  (510) 238-6500
5

6  Eugene B. Elliot, State Bar No. 111475
   Christine Lee, State Bar No. 231617
7  Joshua K. Clendenin, State Bar No. 245564
   BERTRAND, FOX & ELLIOT
8  The Waterfront Building
   2749 Hyde Street
9  San Francisco, California 94109
   Telephone:   (415) 353-0999
10 Facsimile:    (415) 353-0990

11 Attorneys for Defendants
   CITY OF OAKLAND and AUDREE JONES-TAYLOR

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15 MICHAEL FOSTER.                        ) Case No.: CV-08-1944 EDL
                                          )
16          Plaintiff,                    ) **DEFENDANTS CITY OF OAKLAND &**
        vs.                               ) **AUDREE JONES-TAYLOR'S NOTICE OF**
17                                        ) **MOTION AND MOTION TO DISMISS;**
   CITY OF OAKLAND, AUDREE JONES-         ) **MEMORANDUM OF POINTS &**
18 TAYLOR, and DOES 1-50, inclusive,      ) **AUTHORITIES IN SUPPORT OF MOTION**
                                          ) **TO DISMISS  [FRCP 12(b)(6)]**
19          Defendants                    )
                                          ) Date:   July 22, 2008
20                                        ) Time:   9:00 a.m.
                                          ) Dept.:  Courtroom E, 15th Floor
21                                        )
                                          ) Magistrate Judge Elizabeth D. Laporte
22                                        )
                                          )
23                                        )
   _____)
24

_____
DEFENDANTS CITY OF OAKLAND & AUDREE JONES-TAYLOR'S NOTICE OF MOTION
AND MOTION TO DISMISS

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................2

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ..................................................2

II.  STATEMENT OF ISSUES TO BE DECIDED .................................................................3

III. STATEMENT OF FACTS ...................................................................................................4

IV.  LEGAL ARGUMENT .........................................................................................................5

     A.   AUTHORITY FOR MOTION ..................................................................................5

     B.   PLAINTIFF'S FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE ADA AND FEHA FAILS TO STATE A CAUSE OF ACTION BECAUSE PLAINTIFF FAILS TO SHOW THAT DEFENDANTS KNEW HE HAD A DISABILITY AND THAT HE REQUESTED AN ACCOMODATION..........................................................................5

     C.   PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR DISABILITY DISCRIMINATION AGAINST JONES-TAYLOR UNDER THE ADA OR FEHA .......................................................................10

     D.   PLAINTIFF'S SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT FAILS BECAUSE HE IS A PUBLIC EMPLOYEE AND HE DOES NOT STATE FACTS TO SHOW HE WAS NOT AN AT-WILL EMPLOYEE .........................................................................................11

     E.   PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT OR BREACH OF IMPLIED COVENANT OF GOOD FAITH AGAINST JONES-TAYLOR BECAUSE SHE WAS ACTING AT ALL TIMES IN A SUPERVISORAL ROLE .........................................12

     F.   PLAINTIFF'S THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS TO STATE A CAUSE OF ACTION BECAUSE THE TORT IS NOT AVAILABLE FOR DISCHARGE CLAIMS AND PLIANTIFF DID NOT TRIGGER DEFENDANT'S DUTY TO PROVIDE REASONABLE ACCOMMODATIONS .........................................................................................13

     G.   PLAINTIFF'S FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE A CLAIM BECAUSE PERSONNEL DECISIONS CANNOT GIVE RISE TO A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ..................................................................................................14

V.   CONCLUSION ....................................................................................................................15

# TABLE OF AUTHORITIES

**California Cases**

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc*
  222 Cal. App. 3d 1371 (1990) ...............................................................................................13

*Cleary v. American Airlines, Inc.*
  111 Cal. App. 3d 443 (1980) .................................................................................................12

*Davis v. Consolidated Freightways*
  29 Cal. App. 4th 354 (1994) ..................................................................................................11

*Foley v. Interactive Data Corp.*
  47 Cal. 3d 654 (1988) ..................................................................................................11, 12, 13

*Guz v. Bechtel National, Inc.*
  24 Cal. 4th 317 (2000) ...........................................................................................................13

*Janken v. GM Hughes Elecs.*
  46 Cal. App. 4th 55 (1996) ....................................................................................................14

*Kim v. Regents of the Univ. of California*
  80 Cal. App. 4th 160 (2000) ..................................................................................................11

*King v. United Parcel Service, Inc.*
  152 Cal. App. 4th 426 (2007) ..................................................................................................8

*Knights v. Hewlett Packard*
  230 Cal. App. 3d 775 (1991) .................................................................................................11

*Miller v. California*
  18 Cal. 3d 808 (1977) ............................................................................................................11

*Reno v. Baird*
  18 Cal. 4th 640 (1998) ...........................................................................................................10

*Reynolds v. Bement*
  36 Cal. 4th 1075 (2005) .........................................................................................................12

*Shoemaker v. Myers*
  52 Cal. 3d 1 (1990) ..........................................................................................................11, 12

*Walker v. Blue Cross of California*
  4 Cal. App. 4th 985 (1988) ..............................................................................................12, 14

**California Statutes**

*Labor Code, § 2922* .....................................................................................................................11

**Federal Cases**

*Ballistreri v. Pacifica Police Dept.*
   901 F.2d 696 (9th Cir. 1990) ...........................................................................................5

*Brown v. Lucky Stores*
   246 F.3d 1182 (9th Cir. 2001) .........................................................................................8

*Clegg v. Cult Awareness Network*
   18 F.3d 752 (9th Cir. 1994) .............................................................................................5

*Conley v. Gibson*
   355 U.S. 41 (1956) ..........................................................................................................5

*Davis v. Safeway, Inc.*
   1996 U.S. Dist. LEXIS 6916 (N.D. Cal. 1996) ...............................................................7

*De La Cruz v. Tormey*
   582 F.2d 45 (9th Cir. 1978) .............................................................................................5

*Hedberg v. Indiana Bell Telephone Co., In.*
   47 F.3d 928 (7th Cir. 1995) .............................................................................................6

*Levine v. Diamanthuset*
   950 F.2d 1278 (9th Cir. 1991) .........................................................................................5

*Miller v. National Casualty Co.*
   61 F.3d 627 (8th Cir. 1995) .........................................................................................6, 7

*Noel v. City of Oroville*
   2007 U.S. Dist. LEXIS 80704 (E.D. Cal. Oct. 15, 2007) ..............................................11

*Ott v. Crown Cork & Seal Co.*
   1997 U.S. Dist. LEXIS 13986 (N.D. Cal. Mar. 24, 1997) ...............................................6

*Ramirez v. Salvation Army*
   2006 U.S. Dist. LEXIS 77190 .......................................................................................14

*Taylor v. Principal Fin. Group*
   93 F.3d 155 (5th Cir. 1996) .........................................................................................7, 8

*Walker v. Boeing Corp.*
   218 F.Supp.2d 1177 (C.D.Cal. 2002 .............................................................................14

*Walsh v. Nevada Dept. of Human Resources*
   471 F.3d 1033 (9th Cir. 2006) .......................................................................................10

**Federal Statutes**

42 U.S.C. § 12112 (b)(5) ......................................................................................................6

Fed. Rules of Civ. Proc.12(b)(6) ..........................................................................................5

DEFENDANTS CITY OF OAKLAND & AUDREE JONES-TAYLOR'S NOTICE OF MOTION
AND MOTION TO DISMISS

**TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on July 22, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Magistrate Judge Elizabeth D. Laporte in Courtroom E, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, defendants CITY OF OAKLAND ("CITY") and AUDREE JONES-TAYLOR ("JONES-TAYLOR"), will and do move this court to dismiss this action pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) because plaintiff's complaint fails to state a cause of action as to his federal and state claims.

Defendants seek to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6 because he fails to state a cause of action as to his federal and state disability discrimination claims. Plaintiff does not allege that he requested an accommodation for his disability and he does not state facts to show that defendants should have known he was a disabled individual within the meaning of the Americans with Disabilities Act or California's Fair Housing and Employment Act. Further, individual supervisors cannot be held liable for discrimination under the Americans with Disabilities Act or California's Fair Housing and Employment Act.

Plaintiff has also failed to state a claim under Rule 12(b)(6 for his contract causes of action and state law tort claims. As a public employee, he has no contractual rights in his employment because his employment is governed by statute. Further, he does not allege facts to show that he had a contract for continued employment. JONES-TAYLOR as a supervisor is not liable for the breach of a contract between plaintiff and the CITY, or for the breach of implied covenant of good faith. Plaintiff's third cause of action for breach of implied covenant of good faith cannot state a cause of action because he improperly relies on his discharge as grounds for the tort, and no case holds that the tort may be based on failure to provide reasonable accommodations. Finally, personnel decisions do not rise to the level extreme and outrageous conduct and plaintiff cannot state a claim for intentional infliction of emotional distress.

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants CITY and JONES-TAYLOR bring this motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Plaintiff MICHAEL FOSTER brings this complaint against defendants CITY and JONES-TAYLOR, Director of Oakland Parks and Recreation, asserting that defendants' failure to provide him with reasonable accommodations and the decision to discharge him were improperly motivated by his disability. The complaint asserts four causes of action: (1) Disability Discrimination under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12102, 12111(8), and California's Fair Housing and Employment Act ("FEHA"); (2) Breach of Contract; (3) Breach of Covenant of Good Faith; and (4) Intentional Infliction of Emotional Distress. Plaintiff seeks monetary damages as well as reinstatement with back pay.

Plaintiff fails to state a claim under the ADA or FEHA for disability discrimination because he fails to allege facts to show that defendants were aware of his status as a disabled individual for the purposes of the ADA and FEHA. Further, plaintiff fails to state facts to show that defendants had a duty to provide him with reasonable accommodations because he does not allege that he requested a reasonable accommodation. Plaintiff also fails to state a claim for disability discrimination under the ADA and FEHA against JONES-TAYLOR because individual supervisors cannot be held liable under those acts.

Plaintiff is a public employee and as such his employment is governed by statute, not contract. The second cause of action for breach of contract fails to state a cause of action because plaintiff fails to state facts to rebut the presumption that he was an at-will employee. Furthermore, he cannot state a prima facie case for an ADA violation or a FEHA violation, and any breach of contract claim cannot be premised on actions related to his disability.

Plaintiff's breach of contract claim cannot stand against JONES-TAYLOR because she acted in a managerial position at all times in her capacity as an employee of the CITY. Neither can plaintiff state a claim for breach of implied covenant against JONES-TAYLOR.

A cause of action for breach of implied covenant of good faith and fair dealing does not lie

when the complained of breach is caused by an employee's discharge. No case supports the tort for failure to provide reasonable accommodations and plaintiff does not state facts to show that defendants failed to provide reasonable accommodations. Moreover, this cause of action is duplicative of plaintiff's second cause of action for breach of contract.

Finally, plaintiff cannot state a cause of action for intentional infliction of emotional distress because the alleged misconduct consisted of ordinary personnel decisions and did not rise to the level of extreme or outrageous conduct to justify recovery of such damages. As plaintiff does not state facts to show that he was discriminated against based on his disability, he cannot rely on discrimination as grounds for the tort.

## II.    STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Northern District of California Local Rule 7-4(a)(3), the following is a statement of the issues to be decided by the Court:

1. Whether plaintiff's first cause of action fails to state a claim for disability discrimination under the ADA and FEHA because he fails to state facts to show that defendants were aware of his disability.

2. Whether plaintiff's first cause of action fails to state a claim for disability discrimination under the ADA and FEHA because he fails to state facts to show he requested accommodations from defendants.

3. Whether plaintiff's first cause of action for disability discrimination under the ADA and FEHA are barred against JONES-TAYLOR.

4. Whether plaintiff fails to state a claim for breach of contract because his employment is governed by statute.

5. Whether plaintiff's second cause of action for breach of contract fails to state a cause of action because he fails to state facts to rebut the presumption that his employment was at-will.

6. Whether plaintiff's second cause of action for breach of contract fails to state a cause of action against JONES-TAYLOR because she was in a managerial position.

7. Whether plaintiff's third cause of action for breach of implied covenant of good faith fails to state a cause of action against JONES-TAYLOR because she acted at all times as an

3

1 employee of the CITY.

    8. Whether plaintiff's third cause of action fails to state a claim for breach of implied covenant of good faith because it improperly relies on his discharge in support thereof.

    9. Whether plaintiff's third cause of action fails to state a claim for breach of implied covenant of good faith because it improperly relies on defendants' failure to provide reasonable accommodations in support thereof.

    10. Whether plaintiff's fourth cause of action fails to state a claim for intentional infliction of emotional distress because it is grounded on defendants' personnel decisions.

### III.  STATEMENT OF FACTS

Plaintiff was hired by the Oakland Office of Parks and Recreation in June 2006 to work at the Allendale Recreation Center. *Complaint* p. 3 ¶ 13. JONES-TAYLOR is a Director of Oakland Parks and Recreation. *Complaint* p. 2 ¶ 8. On or about November 15, 2007, plaintiff sustained a concussion and other injuries, and he sought treatment at a hospital. *Complaint* p. 4 ¶ 18. As a result of his injuries, he was placed in the CITY'S Transitional Duty Program on November 29, 2006 and April 7, 2007. *Complaint* p. 4-5 ¶¶ 20 & 23. (Plaintiff inadvertently alleges in ¶ 20 that he was placed in the program on November 29, 2007, but the appropriate date is November 29, 2006, as plaintiff was terminated in August 2007.) Plaintiff was informed that he was in the Transitional Duty Program by letters dated January 4 and May 7, 2007. *Complaint* p. 4-5 ¶¶ 20 & 23. The letters stated: "Please note this program is to help you return to work while you are recovering from your injury and with the assumption that you will be able to return to your usual and customary work. The transitional duty assignments and/or duties you will be doing are temporary and is NOT a permanent accommodation of your temporary work restrictions." *Complaint* p. 5 ¶ 23. Plaintiff participated in the 90-day Transitional Duty Program from November 29, 2007 to February 26, 2007 and from April 7, 2007 to July 5, 2007. *Complaint* p. 4 ¶ 20 & p. 5 ¶ 23.

On or around March 26, 2007, plaintiff was notified that he was to oversee the Brookdale Recreation Center in addition to assisting in a transition program at the Allendale Recreation Center. *Complaint* p. 5 ¶ 22.

On or about August 17, 2007, plaintiff was informed that he was terminated effective August

4

24, 2007. *Complaint* p. 6 ¶ 25. JONES-TAYLOR told plaintiff that he was being terminated because he had not fulfilled his administrative duties in a timely manner and was not sufficiently competent in completing administrative tasks. *Complaint* p. 6 ¶ 26.

On April 11, 2008, plaintiff filed the current action in the United States District Court for the Northern District of California.

## IV.    LEGAL ARGUMENT

### A.    AUTHORITY FOR MOTION.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint. *Levine v. Diamanthuset*, 950 F.2d 1278, 1483 (9th Cir. 1991). Dismissal of claims is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990). In determining the adequacy of a pleading, the court must determine whether plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true. *Conley v. Gibson* 355 U.S. 41, 45-46 (1956); *De La Cruz v. Tormey* 582 F.2d 45, 48 (9th Cir. 1978). However, the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

### B.    PLAINTIFF'S FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE ADA AND FEHA FAILS TO STATE A CAUSE OF ACTION BECAUSE PLAINTIFF FAILS TO SHOW THAT DEFENDANTS KNEW HE HAD A DISABILITY AND THAT HE REQUESTED AN ACCOMMODATION.

The essence of plaintiff's claim for violation of the ADA and FEHA is that defendants failed to make reasonable accommodations for his alleged disability, resulting in discrimination. Plaintiff asserts two events constituted discrimination: (1) defendants did not provide him a reasonable accommodation when he was assigned to the Brookdale Recreation Center and to the Allendale program, by letter on March 26, 2007; and (2) his discharge effective August 24, 2007 was based on his inability to timely perform his administrative duties, which was a result of his disability and the failure to provide reasonable accommodations.

The ADA and FEHA require an employer to make reasonable accommodations for *known*

physical or mental limitations after accommodations are specifically requested. *See* 42 U.S.C. § 12112 (b)(5) (defining discrimination under Title I of the ADA as "not making reasonable accommodations to the *known* physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee….) (emphasis added).

"[U]nlike with race or sex discrimination, there are situations in alleged disability discrimination cases where an employer clearly did not know and could not have known of an employee's disability. We think that an employer cannot be liable under the ADA for firing an employee when it indisputably had no knowledge of the disability." *Hedberg v. Indiana Bell Telephone Co., Inc.*, 47 F.3d 928, 932 (7th Cir. 1995). Plaintiff *Hedberg* was terminated due to a lack of "work ethic", which he claimed was a result of his primary amyloidosis (abnormal production of plasma cells). *Id.* at 933. Plaintiff told his supervisor that he had a medical problem, but requested that this information be kept confidential until the nature of the problem was verified. *Id.* at 930. While plaintiff admitted that he had not told the person who made the decision to terminate him about his illness prior to the termination, he asserted that the decision-maker should have known of the illness because the decision-maker received reports about his work product from plaintiff's supervisor. *Id.* at 931. The Eighth Circuit dismissed such inferences as speculation, noting that plaintiff's fatigue at work and tardiness were not "symptoms [which] are so obviously manifestations of an underlying disability that it would be reasonable to infer that an employer actually knew of the disability." *Id.* at 934. Summary judgment in favor of defendant was affirmed. *Id.*

"In general, 'it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed.' 29 C.F.R. app. § 1630.9." *Miller v. National Casualty Co.*, 61 F.3d 627, 630 (8th Cir. 1995); *see also Ott v. Crown Cork & Seal Co.*, 1997 U.S. Dist. LEXIS 13986 (N.D. Cal. Mar. 24, 1997). "Before an employer must make accommodation for the physical or mental limitation of an employee, the employer must have knowledge that such a limitation exists. The Interpretative Guidance on Title I of the ADA states that 'an employer [is not] expected to accommodate disabilities of which it is unaware.' 29 C.F.R. app. § 1630.9 (1994). The logic of this proposition is overwhelming and has been affirmed repeatedly by other courts construing both the ADA and the Rehabilitation Act of 1973." *Id.* at 629-630 (internal citations omitted).

The plaintiff in *Miller, supra,* sued defendant employer for disability discrimination under ADA after she was terminated for increasing absenteeism without documentation of a medical excuse. *Id.* at 628-629. Plaintiff asserted that she was absent from her job due to her struggles with manic depression, but admitted that she never discussed the nature of her medical problems or her history of manic depression with anyone at the company. *Id.* at 629. Plaintiff attempted to establish that defendant should have known of her disability after her sister told plaintiff's supervisor, and the supervisor's secretary, that plaintiff was "mentally falling apart". *Id.* The trial court found that these communications did not serve to put defendant on notice of plaintiff's disability and granted summary judgment to defendant. *Id.* at 630. The Eighth Circuit affirmed the judgment, holding that since defendant did not know of plaintiff's disability until after plaintiff was terminated, the termination could not be motivated by discrimination based on that disability. *Id.*

"[T]he ADA does not require an employer to assume that an employee with a disability suffers from a limitation. In fact, better public policy dictates the opposite presumption: that disabled employees are not limited in their abilities to adequately perform their jobs. Such a policy is supported by the E.E.O.C.'s interpretive guide: employers 'are prohibited from restricting the employment opportunities of qualified individuals with disabilities on the basis of stereo-types and myths about the individual's disability. Rather, the capabilities of qualified individuals must be determined on an individualized, case by case, basis.' 29 C.F.R. 1630.5, App. (1995). Accordingly, it is incumbent upon the ADA plaintiff to assert not only a disability, but also any limitation resulting therefrom." *Taylor v. Principal Fin. Group*, 93 F.3d 155, 164 (5th Cir. 1996); *see also Davis v. Safeway, Inc.,* 1996 U.S. Dist. LEXIS 6916 (N.D. Cal. 1996) (granting motion to dismiss when plaintiff did not request accommodations).

In *Taylor, supra*, the plaintiff was diagnosed with bipolar disorder type II and anxiety disorder after he was hired. *Id.* at 160-161. Plaintiff told his employers about his medical condition and requested a reduction in the objectives for his position and a "lessening of the pressure." *Id.* at 163. However, plaintiff never requested an accommodation based on his medical condition. *Id.* The Fifth Circuit distinguished "between an employer's knowledge of an employee's disability versus an employer's knowledge of any limitations experienced by the employee as a result of that disability."

*Id.* at 164. Summary judgment for defendant was affirmed on the grounds that plaintiff did not request an accommodation and thus failed to establish a prima facie case of discrimination under the ADA. *Id.* at 163.

These principles were applied to California's FEHA in *King v. United Parcel Service, Inc.*, 152 Cal. App. 4th 426 (2007), where the court upheld summary judgment for defendant employer when plaintiff did not request an accommodation. The court stated: "'[T]he interactive process of fashioning an appropriate accommodation lies primarily with the employee.' An employee cannot demand clairvoyance of his employer. '[T]he employee can't expect the employer to read his mind and know he secretly wanted a particular accommodation and sue the employer for not providing it. Nor is an employer ordinarily liable for failing to accommodate a disability of which it had no knowledge.' 'It is an employee's responsibility to understand his or her own physical or mental condition well enough to present the employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee.' Plaintiff therefore was obliged 'to tender a specific request for a necessary accommodation.'" *Id.* at 443 (internal citations omitted).

"[T]he interactive process for finding a reasonable accommodation may be triggered by the employer's recognition of the need for such an accommodation, even if the employee does not specifically make the request. The exception to the general rule that an employee must make an initial request applies, however, only when the employer '(1) knows that the employee has a disability, (2) knows, or has reason to know, that the employee is experiencing workplace problems because of the disability, and (3) knows, or has reason to know, that the disability prevents the employee from requesting a reasonable accommodation.' *Barnett* went on to explain that the employer is required to initiate the interactive process only when "an employee is unable to make such a request" and "the company knows of the existence of the employee's disability." *Brown v. Lucky Stores*, 246 F.3d 1182, 1188 (9th Cir. 2001) *citing Barnett v. U.S. Air, Inc.*, 228 F.3d 1105 (9th Cir. 2000).

Here, plaintiff does not allege that he requested an accommodation. He does not allege that he informed defendants that he had a disability. He does not allege that that he told anyone that he was unable to perform his job duties due to a disability. He does not allege that he asked for

8

assistance with his responsibilities. The facts do not support a finding that plaintiff's symptoms were so obvious such that defendants should have known he had a disability. To the contrary, plaintiff alleges that he was able to work "12 to 14 hour days, six to seven days a week, as needed" spending "the spring and summer months working to uplift the appearance of the center and the surrounding park, organiz[ing] programs and events, and empower[ing] the center's staff." *See Complaint* p. 5 ¶ 24. These facts would appear to lead defendants to the reasonable conclusion that plaintiff was not hampered by any disability or that he was limited in his ability to perform his job due to a disability.

Plaintiff sets forth the conclusory allegation that defendants knew or should have known that he required reasonable accommodations because he was participating in the CITY'S Transitional Duty Program. *See Complaint* p. 6 ¶ 27. Plaintiff does not state how the Transitional Duty Program provided notice to the CITY that plaintiff was disabled and in need of any particular accommodation. The letters of January 4, 2007 and May 7, 2007 simply state that plaintiff is recovering from his injury. This information does not necessarily lead to the inference that plaintiff was disabled within the meaning of the ADA or FEHA such that he required, or requested, an accommodation. Plaintiff does not attach the letters he relies upon, but the facts as alleged do not support a presumption that plaintiff was a disabled individual simply because he was in the Transitional Duty Program.

Plaintiff contends that if he had been "given the accommodations outlined in Ms. Lumague's May 7, 2007 letter, [he] would have had the opportunity to remedy any alleged deficiencies." *See Complaint* p. 6 ¶ 27. However, plaintiff does not allege facts to show that any accommodations were outlined in Ms. Lumague's May 7, 2007 letter. To the extent that plaintiff asserts that he requested accommodations in his October 11, 2007 letter, that request was made after his discharge and cannot save his claim.

The CITY and JONES-TAYLOR were not aware that plaintiff was disabled within the meaning of the ADA or FEHA, and thus had no duty to provide plaintiff with reasonable accommodations. Even if the CITY and JONES-TAYLOR were aware that plaintiff had a disability, there are no facts alleged to establish they were aware that plaintiff had any limitations as a result of that disability. Defendants cannot be held liable for failure to provide reasonable accommodations when plaintiff did not notify them of his limitations and did not specifically request such

accommodations. Even if plaintiff's complaint states facts to show that defendants were aware that plaintiff had a disability, plaintiff does not cite facts to show that he was unable to request accommodations or that he was experiencing workplace problems because of his disability. Thus, defendants' duty to initiate the process to find reasonable accommodation was not triggered.

Plaintiff also asserts that he received notice of the Transitional Duty Program from JT2 Integrated Resources, not the CITY. Plaintiff does not state any facts to show how JT2 Integrated Resources is related to the CITY or how knowledge could be imputed from JT2 to the CITY and JONES-TAYLOR.

Further, plaintiff asserts he was assigned duties for the Brookdale Recreation Center on March 26, 2007. *See Complaint* p. 5 ¶ 22. Plaintiff was in the Transitional Duty Program from November 29, 2007 to February 26, 2007 and April 7, 2007 to July 5, 2007. *See Complaint* p. 4 ¶ 20 & p.5 ¶ 23. Thus, plaintiff was assigned the Brookdale Recreation Center responsibilities at a time period when he was not participating in the Transitional Duty Program. Plaintiff's contention that the CITY and/or JONES-TAYLOR knew or should have known of his disability on March 26, 2007 is untenable because he was not in the Transitional Duty Program on that date. Without knowledge of plaintiff's disability at the time of the assignment, plaintiff sets forth no facts to establish that the decision to assign responsibilities to plaintiff could have been motivated by plaintiff's disability.

Likewise, plaintiff was discharged on August 24, 2007, almost two months after he was in the Transitional Duty Program. To the extent that plaintiff contends that his inability to adequately fulfill his administrative duties in a timely manner was affected by his alleged disability, he does that he requested an accommodation in his duties. Plaintiff has not stated a prima facie case for disability discrimination under the ADA or FEHA and his first cause of action should be dismissed.

**C. PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR DISABILITY DISCRIMINATION AGAINST JONES-TAYLOR UNDER THE ADA OR FEHA.**

Supervisors are not individually liable under the ADA for disability discrimination. *Walsh v. Nevada Dept. of Human Resources,* 471 F.3d 1033, 1037-1038 (9th Cir. 2006). Neither are individual supervisory employees liable for management decisions later considered to be discriminatory under FEHA. *Reno v. Baird*, 18 Cal. 4th 640, 645-646 (1998).

Plaintiff asserts his first cause of action for disability discrimination against "all defendants." *See Complaint* p. 6. JONES-TAYLOR is a Director of Oakland Parks and Recreation. As a supervisory employee of the CITY, she cannot be held liable for management decisions and plaintiff's first cause of action against JONES-TAYLOR must be dismissed.

**D. PLAINTIFF'S SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT FAILS BECAUSE HE IS A PUBLIC EMPLOYEE AND HE DOES NOT STATE FACTS TO SHOW HE WAS NOT AN AT-WILL EMPLOYEE.**

"[I]t is well settled in California that public employment is not held by contract but by statute . . . ." *Miller v. California*, 18 Cal. 3d 808, 813 (1977). "[I]nsofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law." *Id.* The California "Supreme Court has made clear that civil service employees cannot state a cause of action for breach of contract . . . ." *Kim v. Regents of the Univ. of California*, 80 Cal. App. 4th 160, 164 (2000) *citing Shoemaker v. Myers*, 52 Cal. 3d 1, 23-24 (1990) (applying this principle "to civil service and noncivil service public employees alike"); *see also Noel v. City of Oroville*, 2007 U.S. Dist. LEXIS 80704 (E.D. Cal. Oct. 15, 2007).

Under California law, employees are presumed to be at-will unless they can meet their burden of presenting evidence of an agreement to the contrary. *See Cal. Labor Code § 2922*. "An employment, having no specified term, may be terminated at the will of either party on notice to the other." *Id.* Plaintiff has the burden to rebut the at-will presumption. *Knights v. Hewlett Packard*, 230 Cal. App. 3d 775, 778-81 (1991). Where an employee fails to overcome the at-will presumption, the employer is entitled to judgment as a matter of law on any breach of implied contract cause of action. *Davis v. Consolidated Freightways*, 29 Cal. App. 4th 354, 366 (1994).

In order to rebut the at-will presumption, a plaintiff must establish the existence of certain factors in order to show an implied promise not to terminate, absent good cause. *Foley v. Interactive Data Corp.,* 47 Cal. 3d 654, 680 (1988). These factors include: (1) the personnel policies or practices of the employer, (2) the employee's longevity of service, (3) actions or communications by the employer reflecting assurances of continued employment, and (4) the practices of the industry in which the employee is engaged. *Id.* The California Supreme Court found that allegations of repeated

1  oral assurances of job security, along with consistent promotions, salary increases and bonuses during
2  six years and nine months of employment permitted the employee's reasonable expectation that he
3  would not be terminated but for good cause. *Id.* at 681. The Foley factors must be examined in the
4  totality of the circumstances to determine whether any implied agreement exists. *Walker v. Blue*
5  *Cross of California*, 4 Cal. App. 4th 985, 993 (1988).

Here, plaintiff is a public employee and he does not contractual rights in his employment. His employment is governed by statute and he cannot state a claim for breach of contract. Even if the breach of contract claim was available to him, he does not state that the terms of his alleged employment agreement were pursuant to the CITY'S personnel policies or procedures. He does not identify the sources of the alleged assurances that he would be able to continue his employment with the CITY as long as he carried out his duties in a proper and competent manner. He does not allege that he engaged in conversations with anyone at the CITY that led him to believe that his employment was anything other than an at-will position. His employment at the CITY lasted just fifteen months. The only documents he specifically identifies are the letters from JT2 regarding his participation in the Transitional Duty Program. Beyond the fact that plaintiff does not state facts to show how JT2 and the CITY are related, plaintiff does not allege any facts to show that the letter had any assurances as to the nature and duration of his employment with the CITY. Further, plaintiff has not stated facts to show that the CITY or JONES-TAYLOR discriminated against him based on his disability, as fully explained above, and any breach of contract claim relying on his disability must be dismissed.

**E.   PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT OR BREACH OF IMPLIED COVENANT OF GOOD FAITH AGAINST JONES-TAYLOR BECAUSE SHE WAS ACTING AT ALL TIMES IN A SUPERVISORAL ROLE.**

When acting within the course and scope of their employment, employees are immune from individual liable for breach of contract. *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990); *see also Reynolds v. Bement*, 36 Cal. 4th 1075, 1087 (2005). Fellow employees cannot be held accountable for the employer's breach of the implied-in-law covenant of good faith and fair dealing. *Cleary v. American Airlines, Inc.,* 111 Cal. App. 3d 443, 456 (1980) *overruled on other grounds* in *Guz v.*

1 *Bechtel National, Inc.,* 24 Cal. 4th 317, 351 (2000).

2     JONES-TAYLOR is Director of the City of Oakland's Parks and Recreation department and
3 she holds a managerial position there.  Plaintiff alleges that all of JONES-TAYLOR'S acts, conduct
4 and failures to act were within the scope of her agency and employment.  *See Complaint p. 2 ¶ 9.*
5 JONES-TAYLOR is entitled to the privilege against liability for breach of contract because she acted
6 as an agent of the company and she should not be held personally responsible for actions made on the
7 company's behalf.  Plaintiff cannot state a claim for breach of contract against JONES-TAYLOR and
8 this cause of action against her should be dismissed.

9 **F.    PLAINTIFF'S THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS TO STATE A CAUSE**
10 **OF ACTION BECAUSE THE TORT IS NOT AVAILABLE FOR DISCHARGE CLAIMS AND PLAINTIFF DID NOT TRIGGER DEFENDANT'S DUTY TO**
11 **PROVIDE REASONABLE ACCOMMODATIONS.**

12     The California Supreme Court has explicitly held "that tort remedies are not available for
13 breach of the implied covenant in an employment contract to employees who allege they have been
14 discharged in violation of the covenant."  *Foley v. Interactive Data Corp*. (1988) 47 Cal. 3d 654, 700.
15 "Every contract imposes on each party a duty of good faith and fair dealing in each performance and
16 in its enforcement."  *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1393
17 (1990).  However, if the allegations in a claim for breach of the implied covenant of good faith and
18 fair dealing "do not go beyond the statement of a mere contract breach and, relying on the same
19 alleged acts, simply seek the same damages or other relief already claimed in a companion contract
20 cause of action, they may be disregarded as superfluous as no additional claim is actually stated."  *Id.*
21 at 1395.

22     Accepting plaintiff's allegations that he had an employment contract with the CITY for the
23 purposes of this motion to dismiss, a tort claim for breach of the covenant of good faith and fair
24 dealing based on his discharge is simply not available to plaintiff.  To the extent that plaintiff rests his
25 third cause of action on defendants' failure to provide reasonable accommodations, plaintiff did not
26 request reasonable accommodations from defendants, as outlined above, and his claim for breach of
27 implied covenant of good faith and fair dealing should be dismissed.  Moreover, plaintiff's third
28 cause of action is duplicative of his breach of contract claim as it relies upon the same facts,

allegations and alleged misconduct as his second cause of action. Finally, no case law recognizes a cause of action for breach of implied covenant of good faith and fair dealing for the failure to provide reasonable accommodations.

**G. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE A CLAIM BECAUSE PERSONNEL DECISIONS CANNOT GIVE RISE TO A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

Plaintiff asserts that defendants' failure to provide him with reasonable accommodations and his subsequent termination was extreme and outrageous conduct to justify a finding of intentional infliction of emotional distress. His claim fails as a matter of law because mere personnel decisions cannot form the basis of an intentional infliction of emotional distress claim.

"Terminating an employee for improper or discriminatory reasons, like many other adverse personnel management decisions, is insufficiently extreme or outrageous to give rise to a claim for intentional infliction of emotional distress." *Walker v. Boeing Corp.*, 218 F.Supp.2d 1177, 1190 (C.D.Cal. 2002 *citing Janken v. GM Hughes Elecs.,* 46 Cal. App. 4th 55, 61, 79-80 (1996). As the California Court of Appeal explained in *Janken*: "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Id.* at 80. *See also Ramirez v. Salvation Army,* 2006 U.S. Dist. LEXIS 77190.

Here, plaintiff's intentional infliction of emotional distress claim relies solely on the allegedly improper personnel decisions made by defendants CITY and JONES-TAYLOR. The decision to assign plaintiff to the Brookdale Recreation Center and the decision to terminate plaintiff were nothing more than regular management decisions made in the usual course of business. Even if these decisions were motivated by discriminatory intent, plaintiff cannot recover for these actions under the tort as a matter of law.

///

///

## V.  CONCLUSION

For the foregoing reasons, defendants respectfully request plaintiff's complaint be dismissed accordingly.

Dated:  May 30, 2008                              BERTRAND, FOX & ELLIOT


                                                  By:_____/s/_____
                                                       Eugene B. Elliot
                                                       Christine Lee
                                                       Joshua K. Clendenin
                                                       Attorneys for Defendants CITY OF OAKLAND and
                                                       AUDREE JONES-TAYLOR