John Russo, City Attorney, State Bar No. 129729
Vicki A. Laden, Supervising Deputy City Attorney, State Bar No. 130147
Office of the City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland CA  94612
Telephone:  (510) 238-3601
Facsimile:  (510) 238-6500

Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
Joshua K. Clendenin, State Bar No. 245564
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:     (415) 353-0999
Facsimile:      (415) 353-0990

Attorneys for Defendants
CITY OF OAKLAND and AUDREE JONES-TAYLOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FOSTER.<br><br>            Plaintiff,<br>    vs.<br><br>CITY OF OAKLAND, AUDREE JONES-TAYLOR, and DOES 1-50, inclusive,<br><br>            Defendants | Case No.:  CV-08-1944 EDL<br><br>**[PROPOSED] ORDER GRANDTING DEFENDANTS CITY OF OAKLAND & AUDREE JONES-TAYLOR'S MOTION TO DISMISS**<br><br>Date:    July 22, 2008<br>Time:    9:00 a.m.<br>Dept.:   Courtroom E, 15th Floor<br><br>Magistrate Judge Elizabeth D. Laporte |

The Motion to Dismiss on behalf of DEFENDANTS CITY OF OAKLAND and AUDREE JONES-TAYLOR came on regularly for hearing on July 22, 2008 at 9:00 a.m. in Courtroom e of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, Magistrate Judge Elizabeth D. Laporte presiding.

The moving papers having been considered and all argument presented,

1

[PROPOSED] ORDER GRANTING DEFENDANTS CITY & JONES-TAYLOR'S MOTION TO DISMISS

1    IT IS HEREBY ORDERED that defendants' Motion to Dismiss pursuant to Federal
2 Rules of Civil Procedure, Rules 12(b)(6) be GRANTED.

3    Plaintiff cannot state a cause of action for disability discrimination under the Americans with
4 Disabilities Act or California's Fair Housing and Employment Act because he does not allege that he
5 requested an accommodation on the basis of his disability. He did not state facts to show that
6 defendants knew the limitations of his disability or that they had a duty to provide him with
7 reasonable accommodations. A claim for disability discrimination cannot be maintained against
8 JONES-TAYLOR because she was in a supervisory position for the CITY and supervisors cannot be
9 held individually liable for discrimination under the Americans with Disabilities Act or the Fair
10 Housing and Employment Act.

11    Plaintiff's second cause of action for breach of contract fails to state a cause of action because
12 plaintiff is a public employee and does not have contractual rights in his employment. Further,
13 plaintiff fails to state facts to show that he was not an at-will employee. He did not state facts to
14 show that he was discriminated against based on his disability in breach of contract.

15    JONES-TAYLOR as a supervisor cannot be held liable for the breach of a contract between
16 plaintiff and the CITY, nor can plaintiff state a cause of action against her for breach of implied
17 covenant of good faith.

18    The third cause of action for breach of implied covenant of good faith fails because it
19 improperly relies upon plaintiff's discharge for the breach. The tort of breach of implied covenant of
20 good faith is not available for discharges. Further, plaintiff has failed to state facts to show that
21 defendants failed to provide plaintiff with reasonable accommodations and a claim for breach of
22 implied covenant of good faith cannot rely on those actions.

23    Finally, personnel decisions cannot form the basis for an intentional infliction of emotional
24 distress claim. The activities associated with management decisions do not rise to the level of
25 extreme and outrageous conduct, even if the decisions are improperly motivated. Plaintiff cannot
26 rely on the March 26, 2007 assignment or his termination to state a claim for intentional infliction of
27 emotional distress.

28    The first amended complaint should be filed and served within ten days of this order. Failure

[PROPOSED] ORDER GRANTING DEFENDANTS CITY & JONES-TAYLOR'S MOTION TO DISMISS

1  to file an amended complaint within ten days of this order subjects the complaint to dismissal.
2  IT IS SO ORDERED.
3
4  Dated: _____                    _____
                                              Magistrate Judge Elizabeth D. Laporte
5