John Russo, City Attorney, State Bar No. 129729
Vicki A. Laden, Supervising Deputy City Attorney, State Bar No. 130147
Office of the City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland CA  94612
Telephone:  (510) 238-3601
Facsimile:  (510) 238-6500

Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
Joshua K. Clendenin, State Bar No. 245564
BERTRAND, FOX & ELLIOT
2749 Hyde Street
San Francisco, California 94109
Telephone:     (415) 353-0999
Facsimile:      (415) 353-0990

Attorneys for Defendants
CITY OF OAKLAND and AUDREE JONES-TAYLOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FOSTER.<br><br>            Plaintiff,<br>    vs.<br><br>CITY OF OAKLAND, AUDREE JONES-TAYLOR, and DOES 1-50, inclusive,<br><br>            Defendants | Case No.:  CV-08-1944 EDL<br><br>**DEFENDANTS CITY OF OAKLAND & AUDREE JONES-TAYLOR'S REPLY IN SUPPORT OF MOTION TO DISMISS [FRCP 12(b)(6)]**<br><br>Date:     July 22, 2008<br>Time:    9:00 a.m.<br>Dept.:   Courtroom E, 15th Floor<br>Magistrate Judge Elizabeth D. Laporte |

## I.     INTRODUCTION

Plaintiff's opposition, relying on numerous facts not found in his complaint, fails to cite sufficient law or facts to show that he triggered defendants CITY and JONES-TAYLOR'S duty to provide reasonable accommodations under the Americans with Disabilities Act ("ADA") or California's Fair Employment and Housing Act ("FEHA").  None of plaintiff's newly asserted facts show that he requested an accommodation for a disability from defendants.

To the extent that he claims defendants should have known he had a disability, he admits that JT2 handles the CITY'S workers' compensation claims.  Any communications from JT2 are related

1

to plaintiff's workers' compensation claims and does not *de facto* render plaintiff a disabled individual in need of accommodations under the ADA or FEHA. Further, plaintiff does not cite facts to show that he was unable to request an accommodation from the CITY.

In response to federal and state law barring liability for individuals based on discrimination under the ADA or FEHA, plaintiff requests an exception to this rule without any legal authority to support his request.

The opposition fails to address defendants' legal arguments regarding plaintiff's status as a public employee. As a public employee, a cause of action for breach of contract, and an implied covenant arising from a contract, is not available to him. Finally, plaintiff fails to adequately distinguish his claim for intentional infliction of emotional distress from his allegations of discrimination based on disability. He offers no legal support to show that a discriminatory motive for personnel decisions provides him with a ground for recovery under the tort.

## II.   LEGAL ARGUMENT

### A. PLAINTIFF DID NOT ALLEGE FACTS TO SHOW THAT HE REQUESTED AN ACCOMMODATION OR THAT HE WAS UNABLE TO REQUEST AN ACCOMMODATION.

In the Ninth Circuit, an employee "is not required to use any particular language when requesting an accommodation but need only 'inform the employer of the need for an adjustment due to a medical condition.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (quoting *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 n.5 (9th Cir. 2000), *vacated on other grounds, US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002).) An employer's obligation to engage in an interactive process with the employee to find a reasonable accommodation "is triggered by an employee or employee's representative giving notice of the employee's disability and the desire for accommodation." *Barnett, supra,* 228 F.3d at 1114.

"[T]he interactive process for finding a reasonable accommodation may be triggered by the employer's recognition of the need for such an accommodation, even if the employee does not specifically make the request. The exception to the general rule that an employee must make an initial request applies, however, only when the employer '(1) knows that the employee has a disability, (2) knows, or has reason to know, that the employee is experiencing workplace problems

because of the disability, and (3) knows, or has reason to know, that the disability prevents the employee from requesting a reasonable accommodation.' *Barnett* went on to explain that the employer is required to initiate the interactive process only when 'an employee is unable to make such a request' and 'the company knows of the existence of the employee's disability.'" *Brown v. Lucky Stores*, 246 F.3d 1182, 1188 (9th Cir. 2001) *citing Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 (9th Cir. 2000).

In a recent Ninth Circuit case, *Wells v. Mut. of Enumclaw*, 244 Fed. Appx. 790, 792 (9th Cir. 2007)[1], a plaintiff could not show that he was unable to request an accommodation simply because defendant employer knew of his disability: "That [defendant] may have known [plaintiff] had a disability and was experiencing workplace difficulties because of it does not mean [defendant] knew or had reason to know [plaintiff]'s disability might be preventing him from requesting an accommodation. *See Brown*, 246 F.3d at 1188. [Plaintiff] never told [defendant] (nor provided [defendant] with medical records indicating) that his dementia might be causing him a lack of insight into his condition. Cf. *Taylor v. Phoenixville Sch. Dist.*, 174 F.3d 142, 160 (3d Cir. 1999). Nor did [plaintiff] exhibit any behavior suggesting that his dementia was so severe that he could not be expected to ask for help if he needed it. Cf. *Bultemeyer v. Ft. Wayne Cmty. Schs.*, 100 F.3d 1281, 1286-87 (7th Cir. 1996)."

To the extent that plaintiff equates a work-related injury to a physical disability for the purposes of FEHA protection, his reliance is misplaced. The California Supreme Court noted in *City of Moorpark v. Superior Court* (1998) 18 Cal. 4th 1143, "[t]he term 'disability' has a specific meaning in the context of the workers' compensation law that it has in no other context. On the other hand, the FEHA includes detailed definitions of 'Physical disability' and 'Mental disability' that make no reference to the workers' compensation law. (Gov[t]. Code, § 12926, subds. (i), (k).)." *City of Moorpark, supra,* at 1158.

The opposition contains several pages of facts not included in plaintiff's complaint, such as a reference to an article for <u>I Love Oakland</u>; plaintiff's consultation with a psychiatrist; plaintiff's

---

[1] [1] Circuit Rule 36-3 permits citation to unpublished opinions issued in 2007 or later.

DEFENDANTS CITY OF OAKLAND & AUDREE JONES-TAYLOR'S REPLY/MOTION TO DISMISS

weekly updates to Jennifer Koney, his immediate supervisor, about his "difficulties and progress" (*see Opposition p. 4, lns 17-18*); that plaintiff told Ms. Koney "that he had trouble performing some of his duties and he asked for help with administrative duties" (*see Opposition p. 5, lns 8-10*); that plaintiff told his supervisor "that the new assignment to Brookdale, while still working at Allensdale [*sic*], was more than he could handle." (*See Opposition p. 5, lns 10-11*).

None of these newly asserted facts show that plaintiff requested an accommodation for a disability from defendants. Plaintiff provides no details to show that his request for "help with administrative duties" was anything more than a routine request for assistance. He does not state that he made this request on account of his alleged disability or medical condition.

Thus, the duty to provide plaintiff with accommodations could only be found if plaintiff alleged facts to show that the CITY knew of plaintiff's disability, knew or had reason to know that plaintiff's performance suffered as a result of the disability, and knew or had reason to know that the disability prevented plaintiff from requesting an accommodation.

Plaintiff relies on statements from JT2 regarding plaintiff's workers' compensation claims to establish the CITY'S knowledge of plaintiff's alleged disability, which is improper in that disability for the purposes of workers' compensation claims has no determinative effect on a plaintiff's disability for the purposes of FEHA. Further, he has not asserted facts to show that the CITY knew or had reason to know that he was unable to request an accommodation.

To the contrary, plaintiff was aware that he was suffering adverse effects as a result of his injuries and had insight into his condition, as evidenced by his assertions that he complained about his headaches and had difficulties meeting deadlines and attending meetings. Moreover, he was able to work long hours, which would not put the CITY on notice that he was unable to request an accommodation. Plaintiff's personal dedication to community service does not reasonably lead to the inference that he forgot about his own well-being. His passion did not cause him to forget to file a workers' compensation claim for his injuries. Plaintiff clearly did not request an accommodation for his alleged disability and he does not cite any facts to show that he was unable to make such a request.

///

### B. PLAINTIFF PROVIDES NO LEGAL SUPPORT FOR HIS ASSERTION THAT AN EXCEPTION IS WARRANTED TO ALLOW A DISCRIMINATION CLAIM AGAINST INDIVIDUAL DEFENDANT JONES-TAYLOR.

Plaintiff makes the unsupported assertion that JONES-TAYLOR'S "conduct towards [plaintiff] was so outrageous that the law should allow for an exception to the general rule that supervisors cannot be held personally liable for ADA violations." *Opposition p. 7, lns 21-24.* He provides no case law and no legal analysis to support his statement. Instead, he states, without citing legal authority, that a supervisor may be held individually liable under FEHA. This analogy does not assist his argument because the California courts have distinguished between a cause of action for discrimination and a cause of action for harassment. *See Janken v. GM Hughes Elec.* (1996) 46 Cal. App. 4th 55, 62-65 (stating "we distinguish harassment from discrimination" in holding that "it was not the intent of the Legislature to place individual supervisory employees at risk of personal liability for personnel management decisions later considered to be discriminatory.")

Plaintiff's position that JONES-TAYLOR should be individually liable for discrimination directly contradicts the Ninth Circuit and the California Supreme Court, both of which hold that supervisors are not individually liable under the ADA or FEHA, respectively, for disability discrimination or for management decisions later deemed to be discriminatory. *See Walsh v. Nevada Dept. of Human Resources,* 471 F.3d 1033, 1037-1038 (9th Cir. 2006) and *Reno v. Baird*, 18 Cal. 4th 640, 645-646 (1998).

A cause of action for discrimination under the ADA and FEHA cannot be maintained against defendant JONES-TAYLOR as an individual as a matter of law. Plaintiff's first cause of action against JONES-TAYLOR should be dismissed without leave to amend.

### C. PLAINTIFF FAILS TO PROVIDE LEGAL AUTHORITY THAT ALLOWS HIM TO BRING A BREACH OF EMPLOYMENT CONTRACT CLAIM AGAINST THE CITY, A PUBLIC ENTITY.

Plaintiff fails to address defendants' contention that as a public employee, his employment is governed by statute. He offers no facts or legal theories to show that he is not a public employee or that his employment is not governed by contract.

In *Kim v. Regents of the Univ. of California*, 80 Cal. App. 4th 160, 164 (2000), the plaintiff was a former University of California employee who filed a suit for breach of the covenant of good

1  faith and fair dealing after she was terminated. The Court of Appeals sustained defendant's demurrer
2  without leave to amend and explained, "[i]n California, public employment is not held by contract,
3  but by statute . . . <u>our Supreme Court has made it clear that civil service employees cannot state a</u>
4  <u>cause of action for breach of contract or breach of the implied covenant of good faith and fair</u>
5  <u>dealing.</u>" *Id*. at 164 (emphasis added). The *Kim* Court held: "this same general principle of law
6  applies to civil service and non-civil service public employees alike." *Id*. (citing *Shoemaker v.*
7  *Myers*, 52 Cal. 3d 1, 23-25 (1990)(applying principle "to civil service and noncivil service public
8  employees alike"). The court reasoned that because the covenant of good faith and fair dealing
9  "arises out of the contract itself", the existence of a contractual relationship is thus a prerequisite for
10 any action for breach of the covenant. *Id.* at 164.

11      In *Noel v. City of Oro*ville, 2007 U.S. Dist. LEXIS 80704 (E.D.C.A. 2007), plaintiff alleged
12 defendant city violated the ADA and FEHA in regard to his employment with the city. The Eastern
13 District granted defendant's motion to dismiss against plaintiff's breach of contract claim "because
14 plaintiff was a public employee". *Id.* at *16-17 (citing *Miller v. California*, 18 Cal. 3d 808, 813
15 (1977); *Kim v. Regents of the Univ. of California*, *supra*, 80 Cal. App. 4th at 164; *Kemmerer v.*
16 *County of Fresno*, 200 Cal. App. 3d 1425, 1433-1434 (1988).)

17      As a public employee, plaintiff cannot state a cause of action for breach of contract relating to
18 his employment as a matter of law.

19 **D.    PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST THE CITY**
20 **BECAUSE HIS EMPLOYMENT IS NOT GOVERNED BY CONTRACT AND IT IS DUPLICATIVE OF HIS BREACH OF CONTRACT CLAIM.**
21

22      To the extent that plaintiff intends to base his third cause of action for breach of implied
23 covenant of good faith and fair dealing on a contract, plaintiff is a public employee and his
24 employment is not governed by contract, as stated above. Without an underlying employment
25 contract, plaintiff cannot state a claim for breach of implied covenant of good faith and fair dealing
26 arising from that contract. *See Guz v. Bechtel National, Inc*., 24 Cal. 4th 317, 349-352 (2000)(stating
27 "the remedy for breach of an employment agreement, including the covenant of good faith and fair
28 dealing implied by law therein, is *solely contractual*")(emphasis in original). Further, plaintiff does

1  not provide any case law that holds the failure to provide reasonable accommodations gives rise to a
2  cause of action for the breach of implied covenant of good faith and fair dealing.  Finally, because
3  plaintiff's third cause of action is premised on the very same actions he relies on for his breach of
4  contract claim, his cause of action for breach of implied covenant is duplicative and cannot afford a
5  separate measure of recovery.  *Guz, supra,* 24 Cal. 4th at 352.

### E. PLAINTIFF FAILS TO CITE LEGAL AUTHORITY TO SUPPORT HIS CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BASED ON A TERMINATION.

Plaintiff's opposition to defendants' motion to dismiss his fourth cause of action for intentional infliction of emotional distress attempts to distinguish a discriminatory motive from the personnel decision.  This distinction does not help plaintiff and is not supported by the relevant case law.

In his complaint, plaintiff asserts that the "conduct of [defendants], in firing [plaintiff] as he was recovering from a brutal and vicious beating after failing to provide him with reasonable accommodations…was extreme, outrageous and unprivileged…." *See Complaint p. 9, lns 9-14.*  In his opposition, plaintiff explains that his "claim relies on the unlawful discrimination to which he was subject.  [Plaintiff] has alleged that **firing him** as he was recovering from a brutal and vicious beating after failing to provide him with reasonable accommodations was extreme, outrageous and unprivileged…." *See Opposition p. 9, ln. 23-26 (emphasis added).*  His own language makes clear that plaintiff is, in fact, protesting his termination from employment.  Termination is a personnel decision and cannot be grounds for a cause of action for intentional infliction of emotional distress. *See Janken v. GM Hughes Elecs.,* 46 Cal. App. 4th 55, 80 (1996).

Further, plaintiff relies on a case which does not support his argument.  Plaintiff cites *Angell v. Peterson Tractor, Inc.*, 21 Cal. App. 4th 981 (1994) (erroneously cited as 21 Cal. 4th 981) for the proposition that "[t]he FEHA prohibition on disability discrimination supports a common law tort action for termination in violation of fundamental public policy." *See Opposition p. 9, ln. 16-18.*  Plaintiff does not assert a cause of action for termination in violation of fundamental public policy.  The court in *Angell* granted summary judgment against plaintiff's claims, finding that an employee's claims of discrimination based on a work-related disability under FEHA were preempted by

7

California Labor Code section 132a. *Id at 996* ("[D]iscrimination based on a work-related injury is conduct the Legislature specifically includes in the compensation bargain. Therefore, the exclusive remedy provisions, especially the provision contained in *Labor Code section 132a*, bar any other remedy against the employer.").[2]  This holding actually supports the dismissal of plaintiff's complaint.

Plaintiff's opposition ignores the plain direction of the California Supreme Court, which held: "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, **even if improper motivation is alleged.**  If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Janken v. GM Hughes Elecs.,* 46 Cal. App. 4th 55, 80 (emphasis added).

As plaintiff himself states, "his claim relies on the unlawful discrimination to which he was subject." *See Opposition p. 9 lns. 23-24.* His remedy for such alleged discrimination is a suit against the employer for discrimination, not a claim for intentional infliction of emotional distress. The fourth cause of action should be dismissed without leave to amend.

### F. PLAINTIFF CONCEDES THE SECOND AND THIRD CAUSES OF ACTION SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND AGAINST INDIVIDUAL DEFENDANT JONES-TAYLOR.

Plaintiff stated he would dismiss the causes of action for breach of contract and breach of the covenant of good faith and fair dealing against individual defendant JONES-TAYLOR. Defendants respectfully request that these causes of action are dismissed against JONES-TAYLOR accordingly.

///
///
///
///
///
///
///

---

[2] *Angell's* holding has since been criticized by the California Supreme Court in *City of Moorpark v. The Superior Court of Ventura County*, 18 Cal. 4th 1143 (1988).

## V.  CONCLUSION

For the foregoing reasons, defendants respectfully request plaintiff's complaint be dismissed accordingly.

Dated:  July 8, 2008                             BERTRAND, FOX & ELLIOT

By: _____/s/_____
    Eugene B. Elliot
    Christine Lee
    Joshua K. Clendenin
    Attorneys for Defendants CITY OF OAKLAND and
    AUDREE JONES-TAYLOR