IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FOSTER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, AUDREE JONES-TAYLOR, and DOES 1-50, inclusive,<br><br>    Defendants. | No. C-08-01944 EDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

On April 11, 2008, Plaintiff Michael Foster ("Plaintiff") filed this action against Defendants City of Oakland and Audree Jones-Taylor ("Defendants"), seeking relief under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the California Fair Employment and Housing Act, Cal. Gov. Code § 12900 et seq. ("FEHA"). Plaintiff also asserts state law claims for breach of contract, breach of the covenant of good faith and intentional infliction of emotional distress. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants filed a motion to dismiss all of Plaintiff's claims. Plaintiff opposed the motion and Defendants filed a reply. The Court held a hearing on July 22, 2008. For the reasons stated in this Order and at the hearing, the Court grants Defendants' Motion to Dismiss with leave to amend.

**BACKGROUND**

In June 2006, Plaintiff was hired by the Oakland Office of Parks and Recreation ("OOPR") to oversee the summer camp held at the Allendale Recreation Center ("Allendale"). Compl. ¶¶ 1, 13. Allendale provides activities for young people after school, on weekends, and during the summer. Id. at ¶ 13. Through the center, Plaintiff sponsored and hosted activities for young people in

1  Oakland and was made acting director of Allendale after the conclusion of the summer camp. Id. at
2  ¶¶ 13-14.
3        On November 15, 2006, three individuals attacked Plaintiff while he was working at
4  Allendale. Compl. ¶¶ 15-17.  The incident occurred after Plaintiff reminded a girl not to use the
5  office computer to log onto MySpace.com and asked her to leave when she apparently became
6  belligerent. Id. at ¶ 15.  The girl later came back with her mother and the mother's boyfriend, and
7  they violently assaulted Plaintiff. Id. at ¶¶ 16-17.  As a result, Plaintiff suffered multiple physical
8  injuries, including a concussion and a contusion on his right thigh, and five cuts on his head that
9  required 22 stitches. Id. at ¶ 18.
10       Subsequently, Plaintiff was instructed to participate in the City of Oakland's Transitional
11 Duty Program during two periods of time, from November 29, 2006 to February 26, 2007 and from
12 April 7, 2007 to July 5, 2007. Compl. ¶¶ 20-23.  On April 9, 2007, Plaintiff was assigned to oversee
13 the Brookdale Recreation Center ("Brookdale") and he was also to assist in the transition of the
14 Allendale programs. Id. at ¶ 22.
15       On August 17, 2007, Defendant Jones-Taylor, a director in the OOPR, informed Plaintiff that
16 he would be placed on administrative leave until his official termination on August 24, 2007. Compl.
17 ¶ 25.  The reason given for this decision was that Plaintiff "had not fulfilled his administrative duties
18 in a timely manner and was not as sufficiently competent in completing administrative tasks." Id. at
19 ¶ 26.  On October 11, 2007, Plaintiff sent a letter to Defendant Jones-Taylor, requesting her to
20 reinstate him with reasonable accommodations for his disability resulting from the November 15,
21 2006 attack. Id. at ¶ 28.  Defendant Jones-Taylor did not respond to that letter. Id.
22 **LEGAL STANDARD**
23       A motion to dismiss is appropriate when the plaintiff's allegations fail to "state a claim upon
24 which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2008).  A court should not grant dismissal
25 unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim."
26 Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Plaintiff needs to plead "only enough facts to state a
27 claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974
28 (2007).  In analyzing a motion to dismiss, the court must accept as true, all allegations of material

1  facts set forth in the complaint, and draw reasonable inferences in the light most favorable to the
2  plaintiff. Pareto v. Fed. Deposit Ins. Co., 139 F.3d 696, 699 (9th Cir. 1998).  Dismissal without leave
3  to amend is improper, unless no amendment could possibly cure the pleading's deficiencies.
4  Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998).

**DISCUSSION**

**1.      Disability Discrimination under the ADA and the FEHA against the City**

To state a claim under the ADA, the plaintiff must allege that: (1) he is a disabled person within the meaning of the ADA; (2) he is a qualified individual, meaning that with or without reasonable accommodation, he can perform the essential functions of the job; and (3) the employer terminated him because of his disability. Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999) (citing Kennedy v. Applause, 90 F.3d 1477, 1481 (9th Cir. 1996)).  Because FEHA's provisions relating to disability discrimination are based on the ADA, the same set of facts generally provides a basis for a claim for disability discrimination under both the ADA and the FEHA. See Humphrey v. Mem'l Hosps. Ass'n, 239 F.3d 1128, 1139 (9th Cir. 2001) (citing Brundage v. Hahn, 57 Cal. App. 4th 228, 235 (1997)).  With regard to the duty to make reasonable accommodation, application of federal case law is particularly appropriate because the relevant provisions of the FEHA are virtually identical to language in the federal regulations implementing the ADA. Spitzer v. The Good Guys, Inc., 80 Cal. App. 4th 1376, 1384 (2000).

Here, Plaintiff alleges that he is a disabled person within the meaning of the ADA, (Compl. ¶ 30), and that he is a qualified individual who, with reasonable accommodations, can perform the essential functions of his employment position, (Compl. ¶ 31).  Plaintiff has not, however, sufficiently alleged the third element of a viable ADA and FEHA claim in his complaint. Specifically, Plaintiff has not sufficiently alleged that Defendants had knowledge of his disability and his need for accommodation.

The employer's knowledge of the physical and mental limitations resulting from the employee's disability is a prerequisite to the employer's obligation to make reasonable accommodations. Taylor v. Principal Fin. Group, Inc., 93 F.3d 155, 164 (5th Cir. 1996); see also, Davis v. Safeway, Inc., No. C-95-2759-VRW, 1999 U.S. Dist. LEXIS 6916, at *11 (N.D. Cal. May

United States District Court
For the Northern District of California

3

1  16, 1996) (citing <u>Miller v. Nat'l Cas. Co.</u>, 61 F.3d 627, 629 (8th Cir. 1995)).  An employer is not
2  expected to accommodate disabilities of which it is unaware. 29 C.F.R. § 1630.9 (2007).
3  Furthermore, in general the employee with a disability bears the responsibility to inform the
4  employer that an accommodation is needed. <u>Id.</u>; <u>see also</u> <u>Barnett v. U.S. Air, Inc.</u>, 228 F.3d 1105,
5  1111 (9th Cir. 2000) (stating that pursuant to Equal Employment Opportunity Commission's
6  interpretive guidelines, once employee makes a request, employer is required to engage in an
7  interactive process with employee to identify and implement appropriate reasonable
8  accommodations), <u>overruled on other grounds by</u> <u>United Airways, Inc. v. Barnett</u>, 535 U.S. 391
9  (2002); <u>see also</u> <u>Spitzer</u>, 80 Cal. App. 4th at 1384 (agreeing with federal courts that employee with a
10 disability must make initial request for accommodation to trigger employer's obligation to
11 participate in interactive process).
12      Absent an employee's request, the employer has no duty to accommodate unless the
13 employer: "(1) knows that the employee has a disability; (2) knows, or has reason to know, that the
14 employee is experiencing workplace problems *because of* the disability; and (3) knows, or has
15 reason to know, that *the disability prevents the employee from requesting a reasonable*
16 *accommodation*." <u>Barnett</u>, 228 F.3d at 1112 (emphasis added); <u>see also</u> <u>Brown v. Lucky Stores, Inc.</u>,
17 246 F.3d 1182, 1186 (9th Cir. 2001) (upholding summary judgment in favor of employer, finding
18 that employer had no duty to accommodate employee's alcoholism because no issue of fact that
19 employee was unable to request a reasonable accommodation, or that employer knew or had reason
20 to know employee's alcoholism prevented her from making such a request).  Similarly, under the
21 FEHA, an employee's failure to request accommodation and affirmative denial of any medical
22 condition, coupled with the absence of any indication of his disability preventing him from
23 requesting accommodation, relieve the employer of any duty to engage in the interactive process.
24 <u>Ellis v. City of Reedley</u>, 2007 U.S. Dist. LEXIS 25333 at *37-38 (E.D. Cal. Mar. 20, 2007).
25      Plaintiff does not allege that he made any direct request for accommodation to Defendants.
26 Rather, Plaintiff argues in his opposition, based on facts not alleged in his complaint, that
27 Defendants had constructive notice of his disability and need for reasonable accommodations.  First,
28 Plaintiff argues that an article published in "I Love Oakland," describing the lingering adverse effect

4

of the injuries Plaintiff suffered from the November 15, 2006 attack, should have put Defendants on notice of his disability. Pl. Opp'n 3:22-4:2.  Plaintiff also alleges that JT2 Integrated, a private company that handles workers' compensation on behalf of Defendant City, received information about Plaintiff's treatment and informed Plaintiff that he was participating in the City's Transitional Duty Program for two three-month periods. Id. at 4:3-14; Compl. ¶¶ 20, 23; cf. Buchanan v. Safeway Stores, Inc., No. C 95-1658(FMS), 1996 U.S. Dist. LEXIS 18325, at *15 (N.D. Cal. Dec. 6, 1996) (holding that plaintiff's record of being disabled for purposes of workers' compensation under California Labor Code did not necessarily satisfy definition of "disability" for purposes of ADA). Plaintiff also allegedly kept his supervisor apprised of his health condition on a weekly basis and sent several memos outlining his difficulties and progress. Id. at 4:15-20.  Second, Plaintiff argues that Defendants knew about his workplace problems because Plaintiff told his direct supervisor about his trouble in performing some of his administrative duties and asked for help with these duties. Id. at 5:6-11.  Finally, Plaintiff contends somewhat equivocally that the physical and psychological trauma, coupled with his dedication to community service, "*may* have prevented him from unequivocally asserting his rights as a disabled person." Id. at 6:2-8 (emphasis added).

To the extent that Plaintiff may make allegations in good faith that demonstrate that Defendants knew or should have known that Plaintiff had a disability under the ADA and the FEHA that was causing his performance difficulties and that that disability prevented him from requesting reasonable accommodation, Plaintiff should set forth such allegations in his complaint.  Thus, Defendants' Motion to Dismiss Plaintiff's claim against the City for disability discrimination is granted with leave to amend.

**2.    Disability Discrimination under the ADA and the FEHA against individual Defendant Jones-Taylor**

Individuals may not be sued for damages under the ADA or the FEHA. Wash v. Nev. Dep't of Human Res., 471 F.3d 1033, 1037-38 (9th Cir. 2006); Reno v. Baird, 18 Cal. 4th 640, 643 (1998).  At the hearing, Plaintiff conceded that these claims should be dismissed.  Thus, Defendants' Motion to Dismiss Plaintiff's claim for disability discrimination against Jones-Taylor is granted without leave to amend.

5

### 3. Breach of Contract

Public employment in California is held by statute, not by contract. Miller v. California, 18 Cal. 3d 808, 813 (1977). Thus, no public employee has a vested contractual right because the employee occupies a civil service position. Id. The statutory provisions control the terms and conditions of civil employment and "cannot be circumvented by purported contracts in conflict therewith." Id. Whether in the civil service or not, public employees cannot state a cause of action for breach of contract. Kim v. Regents of Univ. of Cal., 80 Cal. App. 4th 160, 164 (2000).

At the hearing, Plaintiff conceded that, as a public employee, he could not state a claim for breach of contract. Therefore, Defendants' Motion to Dismiss Plaintiff's claim for breach of contract is granted without leave to amend.

### 4. Breach of the Covenant of Good Faith

The covenant of good faith is an implied term arising out of a contract itself. Kim, 80 Cal. App. 4th at 164. "The existence of a contractual relationship is thus a prerequisite for any action for breach of the covenant." Id. (holding that plaintiff cannot state a cause of action for breach of implied covenant of good faith because her status as a public employee barred her contract claim); see also, Hill v. City of Long Beach, 33 Cal. App. 4th 1684, 1690 (1995) (vacating jury verdict for plaintiff for breach of contract and of implied covenant of good faith and holding plaintiff was not entitled to contract remedies against City for his removal from position of managing director as a matter of law). As stated above, Plaintiff, as a public employee, cannot state a contract claim against Defendants. Therefore, Defendants' Motion to Dismiss Plaintiff's claim for breach of the covenant of good faith is also granted without leave to amend.

### 5. Intentional Infliction of Emotional Distress

"Under California law, to make out a cause of action for intentional infliction of emotional distress, a plaintiff must show, in relevant part, that the defendant engaged in extreme and outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized society." Braunling v. Countrywide Home Loans, Inc., 220 F.3d 1154, 1158 (9th Cir. 2000) (citing Trerice v. Blue Cross of Cal., 209 Cal. App. 3d 878, 883 (1989)). "Managing personnel is not outrageous conduct beyond the bounds of human decency" and "a simple pleading of personnel management

6

1 activity is insufficient to support a claim of intentional infliction of emotional distress, even if
2 improper motivation is alleged." <u>Jenken v. GM Hughes Elecs.</u>, 46 Cal. App. 4th 55, 80 (1996)
3 (holding that the remedy for improperly motivated personnel management decisions was a suit
4 against employer, not for intentional infliction of emotional distress, but for discrimination);
5 <u>Braunling</u>, 220 F.3d at 1157 (holding that plaintiff's claim of intentional infliction of emotional
6 distress failed because it was solely based on the same facts that formed basis for her discrimination
7 claims under ADA); <u>Walker v. Boeing Corp.</u>, 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002) (holding
8 that plaintiff's claim for intentional infliction of emotional distress must fail because it was based
9 only upon his allegedly wrongful termination).

10 Further, the California Supreme Court has recognized a "tripartite system" for classifying
11 injuries sustained in the course of employment:

> First, there are injuries caused by employer negligence or without employer fault that are compensated at the normal rate under the workers' compensation system. Second, there are injuries caused by ordinary employer conduct that intentionally, knowingly or recklessly harms an employee, for which the employee may be entitled to extra compensation under section 4553 [workers' compensation]. Third, there are certain types of intentional employer conduct which bring the employer beyond the boundaries of the compensation bargain, for which a civil action may be brought.

<u>Fermino v. Fedco, Inc.</u>, 7 Cal. 4th 701, 713-14 (1994).

Plaintiff has only alleged personnel management activity in support of his claim of intentional infliction of emotional distress. Compl. ¶ 45. Without pointing to any specific incident that approaches the level of extreme and outrageous conduct, Plaintiff has not stated a claim for intentional infliction of emotional distress against Defendants. Further, Plaintiff's claims would appear to fall within one of the first two categories from <u>Fermino</u>. However, because Plaintiff argued at the hearing that he may have additional facts to allege and leave to amend is freely granted, Defendants' Motion to Dismiss Plaintiff's claim for intentional infliction of emotional distress is granted with leave to amend.

//
//
//
//

7

**CONCLUSION**

Accordingly, Defendants' Motion to Dismiss is granted with leave to amend as stated in this Order.

**IT IS SO ORDERED.**

Dated: August 5 , 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge