Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
Joshua K. Clendenin, State Bar No. 245564
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:   (415) 353-0999
Facsimile:   (415) 353-0990

Vicki A. Laden, State Bar Number 130147
Supervising Deputy City Attorney
Oakland City Attorney's Office
One Frank Ogawa Plaza, 6th Floor
Oakland, CA 94612
Tel. (510) 238-4941
Fax (510) 238-6500

Attorneys for Defendant
CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FOSTER. | ) Case No.: CV-08-1944 EDL |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT CITY OF OAKLAND'S** |
| | ) **ANSWER TO FIRST AMENDED** |
| CITY OF OAKLAND and DOES 1-50, inclusive, | ) **COMPLAINT** |
| | ) |
| Defendants | ) |

Defendant CITY OF OAKLAND (the "CITY") responds to the First Amended Complaint of Plaintiff MICHAEL FOSTER as follows:

**ANSWER TO ALLEGATIONS ENTITLED "INTRODUCTION"**

1.     Answering paragraph 1 of the First Amended Complaint, the CITY is informed and believes, and thereupon admits, that plaintiff brings this complaint to vindicate his constitutional, statutory and common law rights.

2.     Answering paragraph 2 of the First Amended Complaint, the CITY admits that

1

plaintiff worked at the CITY. The CITY denies each and every remaining allegation contained within this paragraph.

### ANSWER TO ALLEGATIONS ENTITLED "JURISDICTION AND VENUE"

3. Answering paragraph 3 of the First Amended Complaint, the CITY admits this court has jurisdiction over this action. The CITY admits plaintiff brings causes of action under the laws of the State of California and Title I of the Americans with Disabilities Act of 1990. The CITY denies that plaintiff brings a cause of action under California Civil Code section 51.

4. Answering paragraph 4 of the First Amended Complaint, the CITY admits venue is proper with the instant District.

5. Answering paragraph 5 of the First Amended Complaint, the CITY admits it is a public entity that regularly employs 15 or more persons. Defendants deny each and every of the remaining allegations contained within these two paragraphs.

### ANSWER TO ALLEGATIONS ENTITLED "PARTIES"

6. Answering paragraph 6, the CITY is informed and believes, and thereupon admits, that MICHAEL FOSTER is a citizen of the United States and a resident of Oakland, California. The CITY admits that plaintiff worked at the CITY from June 2006 to August 2007. Defendants deny each and every of the remaining allegations in this paragraph.

7. Answering paragraph 7, the CITY admits each and every allegation therein.

### ANSWER TO ALLEGATIONS ENTITLED "RESPONDEAT SUPERIOR"

8. Answering paragraph 8, the CITY lacks sufficient information or belief to admit or deny the allegations contained therein and, on this basis, deny each and every of said allegations.

### ANSWER TO ALLEGATIONS ENTITLED
### "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

9. Answering paragraphs 9 and 10, the CITY admits plaintiff filed a claim for damages on January 1, 2008. The CITY admits it denied plaintiff's claim on February 1, 2008. The CITY admits plaintiff filed a charge, number 555-2008-00318, with the Equal Employment Opportunity Commission ("EEOC") against the CITY. The CITY is informed and believes, and thereupon admits, plaintiff received a right to sue letter from the EEOC on or about March 4, 2008. The CITY

is informed and believes, and thereupon admits, plaintiff received a letter dated February 4, 2008 from the California Department of Fair Employment and Housing ("DFEH") stating that his EEOC complaint had been forwarded to the DFEH. The CITY admits the February 4, 2008 letter also served as plaintiff's right to sue letter from the DFEH. Defendants deny each and every of the remaining allegations contained within these two paragraphs.

### ANSWER TO ALLEGATIONS ENTITLED "WORKERS' COMPENSATION EXCLUSIVITY DOES NOT APPLY"

10.    Answering paragraph 11, the CITY lacks sufficient information or belief to admit or deny the allegations contained therein and, on this basis, denies each and every of said allegations.

### ANSWER TO ALLEGATIONS ENTITLED "STATEMENT OF FACTS"

11.    Answering paragraph 12, the CITY admits FOSTER was hired by the CITY in June 2006 to work at the Allendale Recreation Center. The CITY also admits the Allendale Recreation Center provides activities for young people after school, on weekends and during the summer. Defendants lack sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said allegations.

12.    Answering paragraph 13, the CITY denies each and every allegation.

13.    Answering paragraphs 14, 15, 16 and 17, inclusive, the CITY admits on information and belief that plaintiff was physically assaulted and injured at the Allendale Recreation Center on or around November 15, 2007. Defendants lack sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said allegations.

14.    Answering paragraph 18, the CITY admits Blake R. Collier, PA-C, issued a Physician Activity Status Report diagnosing plaintiff with a concussion without loss of consciousness, post concussion syndrome, cervical strain, contusion of fact, scalp and neck and contusion of lower leg. Defendants deny each and every remaining allegation.

15.    Answering paragraph 19, the CITY admits Irene Lumague was a Return to Work Specialist for JT2 Integrated Resources. The CITY admits Ms. Lumugue wrote plaintiff a letter informing him he was participating in the CITY'S Transitional Duty Program since November 19, 2006 and his ninetieth day would be February 26, 2007. Defendants lack sufficient information or

1 belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said remaining allegations.

16. Answering paragraph 20, the CITY admits Gloria Valerio was a Workers' Compensation Claims Examiner with JT2 Integrated Resources. The CITY admits Ms. Valerio wrote a letter to plaintiff dated January 11, 2007. The CITY admits the letter stated that plaintiff's physician "thinks [plaintiff] may have physical limitations from [his] injury, although it is still too soon to know since [his] medical condition has not stabilized." The letter also stated that plaintiff's medical condition would be monitored until his condition stabilized; after his condition stabilized, a medical evaluation would take place to determine plaintiff's eligibility for permanent disability payments and/or continuing need for medical treatment. Defendants lack sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said remaining allegations.

17. Answering paragraph 21, the CITY admits JT2 Integrated is a private company that handles the CITY'S Workers' Compensation claims. Defendants lack sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said remaining allegations.

18. Answering paragraph 22, the CITY lacks sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said remaining allegations.

19. Answering paragraph 23, the CITY admits Jennifer Koney was plaintiff's direct supervisor. Defendants lack sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said remaining allegations.

20. Answering paragraph 24, the CITY admits Audree Jones-Taylor wrote plaintiff a letter dated March 26, 2007. The CITY admits the March 26, 2007 letter informed plaintiff that he would be assigned to the Brookdale Recreation Center effective April 9, 2007 to oversee the programs, facility and staff at Brookdale Recreation Center. The CITY also admits the letter asked plaintiff to assist in the transition of programs at Allendale Recreation Center. The CITY denies plaintiff was participating in the CITY'S Transitional Program on March 26, 2007 and denies that plaintiff's

1 workload was doubled. Defendants lack sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said remaining allegations.

21. Answering paragraph 25, the CITY admits the allegations contained therein.

22. Answering paragraph 26, the CITY lacks sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said remaining allegations.

23. Answering paragraph 27, the CITY denies it failed to provide plaintiff with administrative support or a lightened workload. Defendants lack sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said remaining allegations.

24. Answering paragraph 28, the CITY admits the allegations contained therein.

25. Answering paragraph 29, the CITY lacks sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said remaining allegations.

26. Answering paragraph 30, the CITY denies Ms. Jones-Taylor violated plaintiff's rights under the Americans with Disabilities Act ("ADA"). The CITY denies plaintiff specifically asked for accommodations of administrative support and a lightened workload. The CITY denies plaintiff's workload was doubled. Defendants lack sufficient information or belief to admit or deny the remaining allegations contained therein and, on this basis, denies each and every of said remaining allegations.

27. Answering paragraph 31, the CITY lacks sufficient information or belief to admit or deny the allegations contained therein and, on this basis, denies each and every allegation.

## ANSWER TO FIRST CAUSE OF ACTION

28. Answering paragraph 32, defendants reallege and incorporate by reference, as though fully set forth herein, their answers to paragraphs 1 through 31, inclusive.

29. Answering paragraph 33, the CITY denies plaintiff is disabled as defined by the ADA, 42 U.S.C. §§ 12102, 12111(8). The CITY admits plaintiff was attacked on or around November 15,

DEFENDANT CITY OF OAKLAND'S ANSWER TO M. FOSTER'S FIRST AMENDED COMPLAINT

1  2006 and that plaintiff suffered physical injuries as a result of the attack.  The CITY denies plaintiff
2  was in the Transitional Duty Program for two consecutive 90-day periods.  Defendants deny each and
3  every remaining allegation within this paragraph and further deny that plaintiff was injured or
4  damaged in any manner or amount by any act or omission of these responding defendants.

5        30.     Answering paragraph 34, the CITY denies each and every allegation within this
6  paragraph.

7        31.     Answering paragraph 35, the CITY denies each and every allegation within this
8  paragraph.

9        32.     Answering paragraph 36, the CITY denies each and every allegation within this
10 paragraph.

11       33.     Answering paragraph 37, the CITY denies each and every allegation within this
12 paragraph.

13       34.     Answering paragraph 38, the CITY lacks sufficient information or belief to admit or
14 deny the allegations contained therein and, on this basis, deny each and every of said allegations.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's first amended complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against the CITY.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of his public entity claim(s) filed with this public entity answering defendant.

### THIRD AFFIRMATIVE DEFENSE

The employees, officers and agents of the CITY were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief plaintiff may have is barred by law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages, and said failure proximately contributed to the events and damages alleged in the complaint.

DEFENDANT CITY OF OAKLAND'S ANSWER TO M. FOSTER'S FIRST AMENDED COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable federal and state statutes of limitation, including all claim filing requirements of the California Tort Claims Act.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff himself was careless and negligent in and about the matters alleged in said first amended complaint and said carelessness and negligence on his part proximately and concurrently contributed to his injuries and damages, if any there were.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff himself failed and neglected to use reasonable care to protect himself and to minimize the losses and damages complained of, if any there were.

**EIGHTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than this answering defendant, including plaintiff himself. In the event that any fault of this answering defendant is found to have contributed to any such damages, plaintiff's recovery, if any, from this defendant is limited to that percentage of plaintiff's damages equal to the percentage by which this responding defendant's fault contributed to said damages.

**NINTH AFFIRMATIVE DEFENSE**

The fault of parties other than this answering defendant contributed to and proximately caused the occurrence described in the complaint filed herein. Under the principles formulated in the case of *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, the CITY is entitled to have the percentage of such contribution established by special verdict or other procedure, such that the defendant's ultimate liability is reduced to the extent of such contribution.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as these answering defendants, as well as California Government Code Sections 945.4

1  and 945.6 and related sections thereof.

## ELEVENTH AFFIRMATIVE DEFENSE

The CITY alleges the provisions of the Public Liability Act of the California Government Code as a measure of its legal duties, if any, in this action.

## TWELFTH AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to California Government Code Sections 815 and 815.2 in that its employees are immune from liability and/or the acts and omissions complained of would not give rise to a cause of action against it or said employees.

## THIRTEENTH AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to California Government Code Section 815.6 in that it exercised reasonable diligence at all times referred to in plaintiff's complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to California Government Code Section 820.2 in that the acts, omissions and conduct complained of by plaintiff were the result of the exercise of discretion vested in employees.

## FIFTEENTH AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to California Government Code Section 820.8 in that the acts and omissions of parties other than its employees caused the injuries alleged by plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

The CITY alleges that, in the event it is found to be liable, which is expressly denied herein, it may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The CITY is immune from any award of punitive damages under California Government Code Section 818.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to all remaining applicable provisions of the

California Tort Claims Act and other relevant statutes and/or regulations.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery insofar as fraudulent acts on his part, had they been made known to the CITY, would have precluded him from being hired by the CITY.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff FOSTER failed and refused to mitigate his damages, if any there were, although he had an opportunity to do so.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff voluntarily, and with full knowledge of all matters set forth in the Complaint, assumed the risk of any and all the injuries, losses and damages alleged, if any there were.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff FOSTER is barred from asserting any cause of action against this answering defendant by virtue of his consent to and participation in the acts and/or conditions alleged in his Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The CITY alleges that its employees, officers and agents were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The CITY alleges that plaintiff's first amended complaint and all of its causes of action are barred because all acts of the CITY affecting the terms and/or conditions of plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The CITY alleges plaintiff's first amended complaint and all of its causes of action are barred because defendant's actions were neutral and were based on bona fide factors other than plaintiff's alleged disability and/or disabilities.

///

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The CITY alleges plaintiff failed to exhaust any and all collective bargaining agreement remedies or other administrative remedies such that any claim for relief that plaintiff may have is barred by law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The CITY alleges that plaintiff's complaint and all of its causes of action are barred as plaintiff's accommodation requests were unreasonable.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The CITY alleges that plaintiff's first amended complaint and all of its causes of action are barred as plaintiff's accommodation requests would have caused undue hardship to the CITY.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The CITY alleges that plaintiff's complaint and all of its causes of action are barred as plaintiff did not meet a bona fide occupational qualification, was unable to safely and efficiently perform the job in question, and/or the essence of the business operation would otherwise be undermined.

**THIRTIETH AFFIRMATIVE DEFENSE**

The CITY alleges that plaintiff's complaint and all of its causes of action are barred because plaintiff was unable to perform his essential job functions.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The CITY alleges that plaintiff's complaint and all of its causes of action are barred because plaintiff was a threat to public health and safety.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The CITY alleges that plaintiff's complaint and each of its causes of action are barred because all acts of the CITY affecting the terms and/or conditions of plaintiff's employment were privileged and done with good cause.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The CITY alleges that plaintiff's complaint and each of its causes of action are barred because plaintiff is not a disabled individual as defined by the Americans with Disabilities Act and/or

California's Fair Employment and Housing Act.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The CITY alleges that plaintiff's complaint and each of its causes of action are barred because plaintiff never requested an accommodation for his alleged disability; nor did the CITY know plaintiff had a disability that required an accommodation.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The CITY alleges that plaintiff's complaint and each of its causes of action are barred because plaintiff was, at all times, able to request an accommodation for his alleged disability.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The CITY alleges that plaintiff's complaint and each of its causes of action are barred because the CITY did not know that plaintiff had a disability as defined by the Americans with Disabilities Act and/or California's Fair Employment and Housing Act.

WHEREFORE, the CITY prays for judgment against plaintiff as follows:

1. That plaintiff take nothing under his complaint;
2. For costs of suit incurred herein, including attorneys fees; and
3. For such other and further relief as the Court deems proper.

Dated:  August 21, 2008                BERTRAND, FOX & ELLIOT

By:  /s/
Eugene B. Elliot
Christine Lee
Joshua K. Clendenin
ATTORNEYS FOR DEFENDANT
CITY OF OAKLAND

DEFENDANT CITY OF OAKLAND'S ANSWER TO M. FOSTER'S FIRST AMENDED COMPLAINT